STATE BOARD TAX APPEALS.

CONTINENTAL PURCHASING CO., INC., PETITIONER, v. CITY OF NEWARK, RESPONDENT.

Decided April 2, 1940.

For the petitioner, *Julius Kass*.

For the respondent, *James F. X. O'Brien* (by *Vincent J. Casale*).

QUINN, President. Petitioner appeals from a judgment of the Essex County Board of Taxation which affirmed an assessment levied upon it for personal property taxes for the year 1938 in the sum of $10,000. The company is in the business of purchasing and liquidating commercial accounts receivable, generally acquired by petitioner from insolvent concerns. At the outset of the hearing petitioner made an application in the nature of a motion for summary judgment on the ground that this board had adjudged its personal property taxable for the prior year, 1937, at $356.55, being the true value of its furniture and fixtures, and that the situation of the taxpayer was unchanged for the year 1938. See *Continental Purchasing Co., Inc., v. City of Newark (State Board)*, filed May 15th, 1939. The application was denied, it being

elementary that the board is not concluded by its former determinations upon appeals for previous years. Each annual assessment for taxation is a separate entity, distinct from the assessments for other years. *United New Jersey Railroad and Canal Co.* v. *State Board,* 101 *N. J. L.* 303; 128 *Atl. Rep.* 427; *City of Hoboken* v. *Hoboken Land and Improvement Co.* (*State Board*), filed June 7th, 1938. A reference to the opinion of the board in the 1937 case, cited *supra,* will indicate salient omissions in certain aspects of the proof, which were supplied upon the hearing of the present appeal, and are hereinafter particularized.

Petitioner filed with the city a personal property tax return for the year 1938, in which its assets are listed and aggregated at $22,137.49, and its debts owing to creditors residing in New Jersey are shown to amount to $46,547.30. No exemptions are claimed, other than for cash on hand. No proof was offered by the petitioner as to the debts, but since the respondent concedes the existence and deductibility of debts to the extent of $44,227.56, the only question before us is as to whether the true value of all of petitioner's personal property as of the assessing date exceeded the amount of such conceded debts, and particularly, whether the excess, if any, was sufficiently great to justify the assessment of $10,000 here in question. The substantial question before us concerns the true value of the *quondam* accounts receivable in the hands of petitioner for liquidation on the assessing date and the value of the shares of capital stock of the New York Corporation, Continental Purchasing Company, all of which were owned by petitioner, said last named corporation holding and liquidating such of the accounts originally purchased by petitioner as could more expeditiously be handled from offices in the State of New York. Such shares of stock, while ordinarily exempt from taxation where the corporation has paid taxes upon its property at its domicile during the year preceding the New Jersey assessment date, *R. S.* 54:4-3.2, as construed by *Inhabitants, City of Trenton,* v. *Standard Fire Insurance Co.* (*Supreme Court,* 1909), 77 *N. J. L.* 757; 73 *Atl. Rep.* 606, are not entitled to exemption in the hands of petitioner, assuming the supplementary facts mentioned were established

by proof, since the statutory prerequisite for exemption, *i. e.*, the filing with the taxing district of a sworn statement specifying the exempt property and attesting the date of acquisition of the property, together with the fact that it was not purchased with intent to escape taxation, was not satisfied. *R. S.* 54:4-15; *Public Service Corporation of New Jersey* v. *City of Newark (State Board)*, filed August 25th, 1936. The stock of the New York corporation is assessable to petitioner at its domicile as intangible personalty. *Newark Fire Insurance Co.* v. *State Board of Tax Appeals (Supreme Court,* 1936), 118 *N. J. L.* 525; 193 *Atl. Rep.* 912; 307 *U. S.* 313 (1939). This proposition holds true even where such intangibles may be deemed to have acquired a business *situs* out of the state. *Cream of Wheat Co.* v. *County of Grand Forks,* 253 *U. S.* 325 (1920). Since it is provided by *R. S.* 54:4-18 that domestic corporations shall be regarded as residents of the taxing district where their chief office is located, and that the personal property of such corporations shall be taxed as is that of individuals, all of the intangibles owned by petitioner were subject to assessment in the city of Newark, where its chief, or paramount office was concededly located. *Herdman Motor Co.* v. *State Board of Tax Appeals (Supreme Court,* 1937), 119 *N. J. L.* 164; 194 *Atl. Rep.* 870.

We might well dispose of this appeal summarily on the ground that petitioner has offered no proof of the true value of the shares of its New York corporate affiliate and that therefore the ordinary presumption that the assessment made by the respondent taxing district is correct, is applicable to defeat the appeal, countervailing proof being absent. *Central Railroad Company of New Jersey* v. *State Tax Department (Court of Errors and Appeals,* 1933), 112 *N. J. L.* 5, 8; 169 *Atl. Rep.* 489. But even assuming that the value of the accounts in the possession of the New York corporation is a fair measure of the value of the corporate stock, and considering the evidence adduced at the hearing bearing upon the true value of all the accounts being liquidated by both corporations upon the assessing date, we conclude that the assessment appealed from should not be disturbed.

The accounts were originally assigned for liquidation to eleven local offices, falling to four as of the assessing date, these being in Newark, New York, Brooklyn and Buffalo. In these offices there remained for liquidation accounts in the respective face amounts of $521,476.50, $705,988.74, $576,016.21 and $248,341.69, or a total of $2,051,823.44. These figures represent what remained after the deduction from the gross face value of the receivables originally purchased by petitioner, of actual collections and of charge-offs for amounts compromised or found to be uncollectible in the course of collections. Upon interrogation by the board at the hearing as to his opinion of the true value of these accounts, the president of the petitioner specified a ratio of one-half of one per cent. of face value, or the sum of $7,500 for one and a half million dollars face value. This estimate, however, is seen to be greatly variant from the judgment of the officers of the company in actually purchasing such accounts. For the accounts of the Sterling Corporation, for example, in the original face amount of $2,225,000, petitioner paid in 1935 the sum of $100,000, or at a ratio of four and one-half per cent. and it was testified that Sterling accounts comprised approximately seventy per cent. of the total accounts on hand as of the assessing date. It further appears from the testimony that petitioner has in the past purchased a total of over four million dollars worth of accounts for approximately $160,000, being a ratio of four per cent., and that upon the assessing date it had collected $646,315, with two and a quarter million dollars of accounts left for liquidation. It appears beyond argument that the actual payments made by petitioner in the open market are to some extent probative of the ratio between the face and true value of these accounts. The estimate of petitioner's president, on the other hand, has nothing to support it.

Giving some, but not conclusive weight to the result of an application of the four per cent. formula to the $2,225,000 of accounts on hand as of the assessing date, and assuming that the value of the New York accounts is to be considered as a fair measure of the value of its capital stock in petitioner's hands, we conclude that the assessment of $10,000

was not in excess of the result to be reached after subtracting the deductible debts above referred to, in the sum of $44,227.56, from the true value of petitioner's intangible personalty on the assessing date.

The assessment under appeal must therefore be affirmed.

For the foregoing reasons the judgment of the Essex County Board of Taxation is affirmed.