HACKENSACK WATER COMPANY, PROSECUTOR, v. DIVISION OF TAX APPEALS IN THE STATE DEPARTMENT OF TAXATION AND FINANCE AND TOWNSHIP OF NORTH BERGEN, RESPONDENTS.

TOWNSHIP OF NORTH BERGEN, PROSECUTOR, v. DIVISION OF TAX APPEALS IN THE STATE DEPARTMENT OF TAXATION AND FINANCE AND HACKENSACK WATER COMPANY, RESPONDENTS.

Argued May 5, 1948—Decided September 14, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the Hackensack Water Company, *Milton, McNulty & Augelli* (*Joseph Keane* and *Samuel W. Zerman,* of counsel).

For the Township of North Bergen, *Nicholas S. Schloeder.*

The opinion of the court was delivered by

COLIE, J.  Two of the writs under consideration were allowed to Hackensack Water Company to review judgments of the Division of Tax Appeals fixing the 1944 and 1946

assessments on personal property of the Water Company at $1,225,000. The writ allowed to the Township of North Bergen seeks the review of a judgment of the Division of Tax Appeals dismissing the appeal of the township from the 1945 assessment on personal property of the Water Company. Consideration will first be given to the writs attacking the assessments for the two years above mentioned. As to the year 1944, the Township of North Bergen assessed the personal property of the Water Company at $1,400,000. The County Board of Tax Appeals reduced this assessment to $940,000. The township thereupon took an appeal to the County Board, acting in its appellate capacity, which appeal was dismissed for lack of jurisdiction. It then appealed to the Division of Tax Appeals, which body, after considering the testimony fixed the assessment for the year 1944, at $1,225,000.

As to 1946, the township assessed the same property at $1,400,000, but in this instance the County Board did not revise the assessment figure. The Water Company took an appeal to the County Board of Taxation and the assessment was reduced to $1,250,000. Not satisfied, the Water Company appealed to the Division of Tax Appeals and that body dismissed the appeal.

Before considering the meritorious questions raised, we note that "in a proceeding of this nature, the duty of the Supreme Court is to review the evidence and render such decision as it deems proper in light of that evidence, but it is also settled that this court will not disturb the judgment of the State Board of Tax Appeals unless the evidence is persuasive that the board erred." *Hackensack Water Co.* v. *State Board of Tax Appeals,* 129 *N. J. L.* 535; *affirmed,* 130 *Id.* 483. The background of prior litigation between the parties is set forth in the cited opinions and need not be repeated.

. In the present proceeding, the Water Company contends that the Supreme Court and the Court of Errors and Appeals having, in prior litigation, determined the assessed valuation at $940,000 and no change having taken place since then, that that valuation should have been accepted. There is no merit in this contention; it being well settled that each year is deemed a separate assessment. *United New Jersey Railroad,*

&c., Co. v. State Board, 101 N. J. L. 303. Furthermore, several years have elapsed since the true value was fixed by the courts at $940,000 and it is a matter of common knowledge that the economic situation has changed markedly in the interim.

It is next urged that the tax history of the property in question does not warrant the increase in the assessment. Consideration of all factors involved may necessitate a change regardless of prior tax history, which is but one of many elements to be considered.

The Water Company next asserts that its witness as to valuation presented the only competent and legal evidence of true value and it attacks the value of the testimony of the experts on behalf of the township. These points may be considered together. The sole witness on behalf of the Water Company was a Mr. Fricker, vice-president in charge of operations. The township in the present litigation produced qualified witnesses who had ample individual experience and had given protracted study to the problem. Our examination of the testimony of the respective witnesses as to value leads us to the belief that regardless of what weight was attached to Mr. Fricker's testimony in 1940, the economic situation had so changed in the interim as to cast serious doubt on the weight to be accorded the testimony which he gave as to 1944 and 1946. The Water Company further asserts that the township has failed to sustain the burden of proof but with this we do not agree, and we find as a fact that the value the property in question for the purpose of taxation for the years in question is $1,225,000.

We turn now to a consideration of the dismissal by the State Board of Tax Appeals of the township's appeal of the 1945 assessment. It will be recalled that for this year the County Board had reduced the assessment to $940,000 and that the township appealed directly to the State Board, bypassing the County Board sitting in an appellate capacity. In adopting this procedure, the township followed the suggestion to be found in *Jersey City* v. *Bettcher*, 22 N. J. Mis. R. 16, in which the Hudson County Board of Taxation suggested that an appeal could be taken directly to the State

Board, now the Division of Tax Appeals, under *R. S.* 54:2–35, when the County Board had reduced an assessment. *R. S.* 54:2–35 provides for an appeal to the Division of Tax Appeals from any "action" of the County Board. The reduction by the County Board of the assessment was, in our judgment, an "action" within the meaning of the statute. In dismissing the appeal of the township from the 1945 assessment, the State Board held that *R. S.* 54:2–35 was a general provision, whereas *R. S.* 54:2–21 and 39 were specific provisions which impliedly repealed *R. S.* 54:2–35. The inclusion of *R. S.* 54:2–35 in the Revision of 1937 clearly indicates a legislative intent that it be effective. When the township attempted to appeal the 1944 assessment to the County Board, its appeal was dismissed for lack of jurisdiction. The township had every right to believe that an appeal of the 1945 assessment would have resulted in a dismissal in light of the action taken in the 1944 proceeding. Therefore, it had recourse to *R. S.* 54:2–35.

The writs of *certiorari* dealing with the taxpayer's appeal from the 1944 and 1946 assessments are dismissed. As to the 1945 assessment, the evidence justifies and we find the true value for tax purposes to be $1,225,000. Accordingly, the judgment in the 1945 assessment is reversed and judgment is entered fixing the assessed value for that year at $1,225,000. No costs are allowed.