14 N.J. Super. 167 (1951)
81 A.2d 510
GRAND VIEW GARDENS, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT,
v.
BOROUGH OF HASBROUCK HEIGHTS, A MUNICIPAL CORPORATION, AND DIVISION OF TAX APPEALS IN THE STATE DEPARTMENT OF TAXATION AND FINANCE, PLAINTIFFS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 21, 1951.
Decided June 11, 1951.
*169 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Charles L. Bertini argued the cause for the defendant-appellant.
Mr. Julius E. Kramer argued the cause for the plaintiffs-respondents (Messrs. Chandless, Weller, Kramer & Frank, attorneys).
The opinion of the court was delivered by EASTWOOD, J.A.D.
The Grand View Gardens, Inc., contends that the Division of Tax Appeals in the State Department of Taxation and Finance (hereinafter referred to as the "Division"), erred in (1) taking judicial notice of the qualifications of the expert witness offered by the Borough of Hasbrouck Heights; (2) that the witness was not qualified to testify as an expert with respect to the value of the property in question; and (3) that his testimony was insufficient to overcome the presumption of correctness of the judgment of the county board of taxation.
The Bergen County Board of Taxation assessed the improvements, consisting of multiple-family dwellings, comprising 20 apartments and nine garages, situate in the Borough of Hasbrouck Heights, for the year 1949 at the sum of $54,000. On appeal, the Division increased the assessment to $55,000. The only testimony proffered by the Borough of Hasbrouck Heights was that of one William J. Schwen, whose qualifications as an expert were criticised by the appellant. No testimony was offered by the taxpayer.
The taxpayer argues that the hearing commissioners erroneously took judicial notice of the qualifications of one William J. Schwen as a real estate expert. When Mr. Schwen took the witness chair, one of the commissioners made the preliminary statement that: "The court by reason of past *170 experience with Mr. Schwen is of the opinion that he is qualified." If the record had consisted of nothing more than the acknowledgement by the court, without any proof thereof, of Mr. Schwen's qualifications, we would then concur in the appellant's contention. It is universally recognized that the term "judicial notice" means no more than that the court will bring to its aid and consideration, without proof of the facts, its knowledge of those matters of public concern which are known by all well-informed persons. Generally speaking, judicial knowledge is limited to facts evidenced by public records and facts of general notoriety. "Most matters which the court may notice fall into one of two classes, those which come to the knowledge of men generally in the course of the ordinary experience of life, and are therefore in the mind of the trier, or those which are generally accepted by mankind as true and are capable of ready demonstration by means commonly recognized as authoritative." 31 C.J.S., Evidence, p. 510, sec. 7. Wigmore on Evidence (3d ed.), vol. IX, sec. 2568, p. 536, in discussing "judicial notice," states: "Judicial notice being a dispensation of one party from producing evidence, it would seem that the party must, in point of form, make a request for it." We are satisfied that under the prevailing applicable rule the qualifications of the witness Schwen had not "come to the knowledge of men generally in the course of the ordinary experience of life," and that his qualifications as an expert could not have been established merely by the commissioner's concession thereof.
The taxpayer's interrogation of Mr. Schwen as to his qualifications reveals that such facts were developed as to support the discretionary determination by the commissioners that he was qualified to testify as to the value of the taxpayer's property. In view of the fact that the courts are universally agreed that the qualification and competency of one to give opinion evidence as an expert is primarily in the discretion of the trial court, and the admission or exclusion of such testimony on the ground that the witness was or was not qualified to testify as to his opinion as an expert, will *171 not be reviewed or reversed by the appellate court except where there is absolutely no evidence to support the witness' qualifications, or where in deciding upon the question of his competency, the trial court has proceeded upon erroneous legal standards. See Rempfer v. Deerfield Packing Corp., 4 N.J. 135, 142 (1950).
The rule in New Jersey is settled that there is a presumption of law in favor of the assessments as revised by the county board of taxation, but that presumption is not in itself evidence. It is a mere rule of law that obtains in the absence of explanatory facts to the contrary. "A presumption of law compels the particular conclusion in the absence of evidence contra; e converso, it disappears as a rule of law where there is an adduction of substantial evidence by way of contradiction or explanation." Meltzer v. Division of Tax Appeals, 134 N.J.L. 510, 512 (Sup. Ct. 1946). Our review of the record convinces us that there was sufficient competent proof adduced through the expert witness to support the findings of the Division and that it is unessential for us to make new findings of fact. The municipality's witness testified as to a value, in his opinion, on the property in question at $180,000. The parties conceded that $9,000 is the land value. It is obvious that the municipality's proof was such as to have overcome the presumption of law in favor of the assessment as revised by the county board.
We find no merit in the other contentions advanced by the appellant.
Affirmed, with costs.