35 N.J. Super. 113 (1955)
113 A.2d 185
IN THE MATTER OF THE APPEAL OF THE MUTUAL BENEFIT LIFE INSURANCE COMPANY FROM THE ASSESSMENT OF PROPERTY IN THE CITY OF NEWARK, COUNTY OF ESSEX, FOR THE YEARS 1952 AND 1953. 126-198 EDISON PLACE.
THE MUTUAL BENEFIT LIFE INSURANCE COMPANY, PETITIONER-RESPONDENT, AND DIVISION OF TAX APPEALS, DEPARTMENT OF THE TREASURY, RESPONDENT,
v.
CITY OF NEWARK, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 21, 1955.
Decided April 6, 1955.
*114 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Milton M. Unger argued the cause for petitioner-respondent (Messrs. Milton M. and Adrian M. Unger, attorneys; Mr. Sidney S. Jaffe on the brief).
Mr. Vincent Casale argued the cause for respondent-appellant (Mr. Vincent J. Torppey, Corporation Counsel, attorney for the City of Newark).
*115 PER CURIAM.
The City of Newark assessed a warehouse for tax purposes at $582,500 for the years 1952 and 1953. The taxpayer, unsuccessful before the County Board, appealed to the Division of Tax Appeals, which reduced the assessment for these years to $557,500. The city now appeals to us.
The city claims the Division's findings are inadequate. To illustrate the point, we have taken the liberty of reducing them to the following, a very much abbreviated version:
The taxpayer's expert, proceeding on a basis stated in the findings, appraised the described warehouse for 1952 and 1953 at $336,000. The city's expert, on a basis likewise stated, appraised it for those years at $588,000.
From 1949-1951 inclusive, the property was assessed at $557,500. There has been no increase in the value of the property between 1951 and 1953, and apparently none between 1950 and 1951. An appeal was taken as to the 1950 assessment, and it was dismissed by the Board of Tax Appeals, which left the assessment at $557,500.
"In considering all the facts we find" the assessment for 1952 and 1953 should be reduced to $557,500.
The purpose of requiring (see N.J.S.A. 54:2-16) findings of fact has often been stated. In re Greenville Bus Co., 17 N.J. 131, 146 (1954). But we may observe they will serve little or no purpose unless the agency so lays them out, that he who reads them is made aware of the course by which it was brought to its decision. In re Central Railroad Co. of New Jersey, 29 N.J. Super. 32, 39 (App. Div. 1953).
Therefore, though we have respect for the expert judgment of the Division, we cannot approve findings (as the taxpayer seems to urge us to do) containing but a review of the evidence and mere words of conclusion such as these:
"In considering all the facts we find" the assessment should be reduced to $557,500.
But there is more to the findings here. They fairly indicate the rationale of the decision, namely this, that the value of the property had not increased since 1950 and 1951 and therefore the assessment for 1952 and 1953 should be the same as that fixed for 1950 and 1951.
*116 True value cannot be established for tax purposes upon an assumption that a prior assessment, unappealed from, is correct. In re Kresge-Newark, Inc., 30 N.J. Super. 489 (App. Div. 1954); City of Newark v. West Milford Tp., Passaic County, 9 N.J. 295, 304 (1952). For if the earlier assessment is erroneous, then a decision as to the later year, which is predicated upon that assessment, would only continue the error. An assessment has hardly the status of a judgment. Cf. Central Home Trust Co. v. Gough, 5 N.J. Super. 295, 300 (App. Div. 1949); Davis, Administrative Law 567 (1952); Griswold, 46 Yale L.J. 1320, 1323 (1937); Note, 49 Yale L.J. 1250, 1265 (1940). And at any event, the mere fact that the taxpayer does not appeal from it does not estop him or the municipality in a proceeding with respect to a later assessment, even though there has been no change in the value of the property in the interim.
However there is a distinction between this case and In re Kresge-Newark, Inc., supra: here there was a decision of the Board of Tax Appeals as to the 1950 assessment. Proceedings as to different tax years each present a different cause of action. Restatement of Judgments, p. 299. So the question with which we are confronted has to do with the doctrine of collateral estoppel. See in general Miller v. Stieglitz, 113 N.J.L. 40, 44 (E. & A. 1934); Restatement of Judgments, § 68; Atlantic City Transp. Co. v. Director, Div. of Taxation, 12 N.J. 130, 144 (1953); Davis, supra, c. 14; Griswold, 46 Yale L.J. 1320 (1937), supra; Note, 49 Yale L.J. 1250 (1940), supra; 39 Iowa L. Rev. 300, 307 (1954).
The precise question we have here is this: where the Division finds the true value of the property not to have changed between two assessment dates and it already has determined the true value as of the first date, may it rest its decision as to the second date upon the first determination? In other words, is the first decision conclusive in this manner over the objection of a party? If there has been an increase or decrease in the value since the first assessment, then we would be confronted with a somewhat related question, *117 namely, whether the second decision can be arrived at merely by adding the increase to the value determined then or by subtracting the decrease from it.
Agitation of these questions has resulted in a substantial body of authority in courts of other jurisdictions. Winnipiseogee Lake Cotton & Woolen Mfg. Co. v. City of Laconia, 74 N.H. 82, 65 A. 378 (Sup. Ct. 1906) overruling earlier law; People ex rel. Hilton v. Fahrenkopf, 279 N.Y. 49, 17 N.E.2d 765 (Ct. App. 1938) overruling earlier law; In re 1229-35 Chestnut Street, 362 Pa. 313, 66 A.2d 242 (Sup. Ct. 1949); Henricksen v. Seward, 9 Cir., 135 F.2d 986, 150 A.L.R. 5, 78; 50 C.J.S., Judgments, § 752, p. 264; cf. Continental Purchasing Co. v. City of Newark, 18 N.J. Misc. 204 (Bd. Tax App. 1940); East Orange, City of, v. Church of Our Lady, etc., 25 N.J. Misc. 58, 61 (Div. Tax App. 1946); People ex rel. Wangelin v. City of St. Louis, 367 Ill. 57, 10 N.E.2d 369, 375 (Sup. Ct. 1937); Evergreens v. Nunan, 141 F.2d 927 (2d Circ. 1944).
But here the point has been neither argued, nor even stated by counsel, and we therefore should not express an opinion on it or discuss the practical and theoretical considerations involved.
We conclude that the point need not be resolved in this case. The Division's finding, that there has been no change in the value of the property between 1950 and 1953, is not supported by sufficient proofs. Hence, we conclude, there is no basis for invoking the doctrine of collateral estoppel or for tying the determination as to 1952 and 1953 to that as to 1950.
The case therefore will be reversed and remanded for a finding, fixing the true value of the warehouse for the years 1952 and 1953. It would seem that the finding could be based on the record already made.