37 N.J. Super. 221 (1955)
117 A.2d 190
TOWNSHIP OF NORTH BERGEN IN THE COUNTY OF HUDSON, A TAXING DISTRICT OF THE STATE OF NEW JERSEY, APPELLANT,
v.
ESTATE OF STEFFEN DIECKMANN AND DIVISION OF TAX APPEALS IN THE DEPARTMENT OF THE TREASURY, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 3, 1955.
Decided October 13, 1955.
*222 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Nicholas S. Schloeder argued the cause for appellant.
Mr. John B. Applegate argued the cause for respondent Estate of Steffen Dieckmann (Messrs. Besson & Applegate, attorneys, Mr. Gilbert D. Chamberlin, of counsel).
The opinion of the court was delivered by CLAPP, S.J.A.D.
The Township of North Bergen assessed certain meadowland properties belonging to the taxpayer here at $2,000 an acre for the years 1951, 1952 and 1953. The Hudson County Board of Taxation reduced the assessments to about $600 an acre; its judgments were then appealed by the township and affirmed by the Division of Tax Appeals. Now the township appeals to us, urging, among other things, that the findings of fact made by the Division are inadequate.
These findings are set out in a report and recommendations of a panel of the Division, which were adopted by the Division. In them appears a summary of the testimony of two expert witnesses. The properties were valued by a witness for the Township at $2,000 an acre and by a witness for the taxpayer at $500 an acre. Without attempting in any way to probe or weigh these divergent views, the report proceeds:
"After considering all of the testimony in these cases, we find as a fact that the petitioner [the township] has not sustained the burden of proof, and under the circumstances, report and recommend * * * that the judgment of the County Board be affirmed."
There is nothing else to indicate the rationale of the decision.
*223 When an appeal is taken from a judgment of a county board to the State Division, the appellant finds himself confronted with a presumption that the judgment below is correct. This presumption stands until evidence is adduced before the Division which is both "definite, positive and certain in quality and quantity." Aetna Life Insurance Co. v. City of Newark, 10 N.J. 99, 105 (1952). As to presumptions in general, see In re Weeks, 29 N.J. Super. 533, 538 (App. Div. 1954); Silver Lining, Inc., v. Shein, 37 N.J. Super. 206 (App. Div. 1955). However, upon the introduction of evidence of this character, the presumption entirely disappears as a factor in the case. Meltzer v. Division of Tax Appeals, 134 N.J.L. 510, 512 (Sup. Ct. 1946); Grand View Gardens, Inc., v. Borough of Hasbrouck Heights, 14 N.J. Super. 167, 171 (App. Div. 1951); In re Weeks, supra; Silver Lining, Inc., v. Shein, supra.
In the present case, the presumption remained standing until there was adduced before the Division the contrary testimony of the Township's expert, which was "definite, positive and certain in quality and quantity." Thereupon the presumption lost all its force and ceased to exist. In this circumstance it became obligatory upon the Division, in making its findings, to appraise the conflicting testimony or, if the Division placed its reliance on matters outside the record lying within its personal knowledge, then to set forth those matters in its findings. In re Kresge-Newark, Inc., 30 N.J. Super. 489, 496 (App. Div. 1954). In any event, the findings must set out or sufficiently indicate the course of reasoning by which the agency has been brought to its determination. In re Mutual Benefit Life Ins. Co., 35 N.J. Super. 113, 115 (App. Div. 1955).
We hardly need add that an appellate court should have the benefit of the Tax Division's experience as to the valuation of property.
Reversed and remanded for further proceedings.