RIMM, J. T. C.
This local property tax matter is before the court on the municipality’s complaint to have reinstated the original assess *592 ment which was reduced by a judgment of the Monmouth County Board of Taxation. The municipality contends that in a discrimination matter the Tax Court must use the original assessment and not the county board judgment in applying the ratio under N.J.S.A. 54:l-35a, L.1973, c. 123, § 1, amended by L. 1979, c. 51, § 1, and commonly known as the chapter 123 ratio.
The subject property is a single-family residence located at 37 Buena Vista Avenue and designated as Block 16, Lot 10. For the tax year 1979 the original assessment was:
Land $ 38,900
Improvements 42,100
Total $ 81,000
The county board of taxation judgment was:
Land $ 38,900
Improvements 34,100
Total $ 73,000
In this court there is a presumption of correctness in favor of the judgment of the county board of taxation. Aetna Life Ins. Co. v. Newark, 10 N.J. 99, 89 A.2d 385 (1952); Stanford Enterprises v. East Orange, 1 N.J.Tax 317 (Tax Ct.1980). The presumption is overcome by sufficient competent evidence of true value of the property. Passaic v. Botany Mills, Inc., 72 N.J.Super. 449, 178 A.2d 657 (App.Div.1962), certif. den. 37 N.J. 231, 181 A.2d 13 (1962); Passaic v. Gera Mills, 55 N.J.Super. 73, 150 A.2d 67 (App.Div.1959). Cf. Spiotta Bros. v. Mine Hill Tp., 1 N.J.Tax 42 (Tax Ct.1980) (overcoming presumption in farmland assessment matter). Once such evidence is introduced, the presumption is overcome and “entirely disappears as a factor in the case.” North Bergen Tp. v. Dieckmann’s Est., 37 N.J.Super. 221, 223, 117 A.2d 190 (App.Div.1955). However, the complaining party still has the burden of ultimate persuasion by a fair preponderance of the evidence, Califon v. Stonegate Properties, Inc., 2 N.J.Tax 153, 162 (Tax Ct.1981), in a trial de novo in the Tax Court. N.J.S.A. 2A:3A — 4 b. See, also, Princeton Univ. Press v. Princeton, 35 N.J. 209, 172 A.2d 420 (1961); McTague v. Monroe Tp., 1 N.J.Tax 66 (Tax Ct.1980), and Beth Israel Cem. v. *593 Woodbridge Tp., 1 N.J.Tax 149 (Tax Ct.1980), for burden of proof and evidence requirements in exemption cases.
The nature of the presumption is mandated by Trenton v. John A. Roebling Sons Co., 24 N.J.Super. 213, 93 A.2d 785 (App.Div.1953), in which the court said:
In the county board of taxation a presumption is applied that the quantum of the municipal assessment is correct and the burden is on the taxpayer to prove otherwise. In the Division of Tax Appeals the presumption is that the valuation as revised by the county board is accurate. [Citations omitted] In this court the presumption is that the determination in the Division of Tax Appeals is sound and the burden is on the party attacking it to overcome that presumption, [at 215-216, 93 A.2d 785]
In Riverview Gardens v. North Arlington, 9 N.J. 167, 87 A.2d 425 (1952), the court said:
... It has been held that on appeal to the county board, there exists a presumption in favor of the quantum of the tax assessment made by the local taxing authority and the burden is on the taxpayer to prove otherwise. [Citations omitted] It has also been held that a similar presumption attaches to the judgment of the county board on the appeal to the Division of Tax Appeals. Hackensack Water Co. v. Division of Tax Appeals, 137 N.J.L. 599, 600 [61 A.2d 187] (Sup.Ct.1948), affirmed in part, and reversed in part on other grounds, 2 N.J. 157 [65 A.2d 828] (1949). The weight of the presumption so accorded the assessment or the judgment of the county board is overcome where, on the hearing de novo on appeal, the appellate tribunal is presented with sufficient competent evidence to determine the true valuation of the property. The legislative scheme provides independent review of the valuation of the property on which the assessment was based. Hackensack Water v. Division of Tax Appeals, supra, (at p. 166, 65 A.2d 828) [at 174-175, 87 A.2d 425; emphasis supplied]
The municipality’s assessor testified on its behalf. Her testimony was clear and convincing and entirely persuasive that the fair market value of the subject property on October 1,1978, the critical assessing date for the tax year 1979, was $99,000. She described the subject property as a single-family ranchhouse located in a residential zone on a 2.49-acre lot. The structure contains 1,682 square feet of living area and has a living room with a fireplace, dining room, kitchen, four bedrooms and two full baths. The basement has a finished game room with a fireplace and a laundry room. The property also contains a two-car garage. The building was constructed in 1950.
*594 The assessor first used the cost approach, valuing the land at $57,400 based on a value of $35,000 an acre for the 1.5 acres required by the zoning ordinance and adjusting the result up for excess land and down for traffic conditions in the area. Three comparable sales of vacant land were used to established the value. Each lot consisted of 1.5 acres and the sale prices ranged from $64,000 to $95,000. The comparable sales justified the assessor’s determination of land value. In valuing the building the assessor used the cost approach in the Real Property Appraisal Manual for New Jersey Assessors (3 ed. 1978). She considered the house a 10.7 grade building and after allowing for depreciation, stated that the house and the two-car garage had a total value of $42,400. Her opinion of value based on the cost approach was $99,800.
The assessor also valued the property based on the direct sales comparison or market approach. She testified about four sales of ranchhouses which, she said, were similar in size and number of rooms to the subject. Her opinion was that, based on this approach, the property had a market value of $99,000 on October 1, 1978, and that was her final opinion of value.
One of the defendants testified as to comparable assessments. Except for two properties, for which she also gave sale prices, her testimony was not probative to establish value. Greenwald v. Metuchen, 1 N.J.Tax 228 (Tax Ct.1980). One of the properties for which she gave sales data was about one block from her house in the same residential zone. It sold for $240,000 in 1980. Another property about which the witness testified was not comparable in her opinion because it was larger and in a better location, but she testified that it sold for $200,000 in 1979. Finally, the witness testified that one of the comparable properties which the assessor said had been sold for $81,000 in 1976 was sold again in 1980 for $149,900.
Sufficient competent evidence of value was presented to overcome the presumption of correctness of the county board of taxation judgment, and the court finds that, by a fair preponderance of all the evidence presented on behalf of both parties, *595 the value of the subject property as of October 1, 1978 was $99,000.
After the value of the property has been found by a fair preponderance of the evidence, the court considers the question of discrimination. When discrimination relief in the Tax Court is sought on the basis of chapter 123, the statute provides in pertinent part:
Whenever the tax court is satisfied by the proofs that the ratio of the assessed valuation of the subject property to its true value exceeds the upper limit or falls below the lower limit of the common level range, it shall enter judgment revising the taxable value of the property by applying the average ratio to the true value of the property except as hereinafter provided. 54:2 40.4 a.; emphasis supplied]
The statute also provides as follows, in pertinent part, for the application of chapter 123 to discrimination relief in the county board of taxation:
Whenever the county board of taxation is satisfied by the proofs that the ratio of the assessed valuation of the subject property to its true value exceeds the upper limit or falls below the lower limit of the common level range, it shall revise the taxable value of the property by applying the average ratio to the true value of the property except as hereinafter provided. [N.J.S.A. 54:3-22 c.; emphasis supplied]
In both instances the Legislature directed the hearing tribunal to consider the “assessed valuation” and to determine the ratio of the assessed value of the subject property to its true value in order to determine if relief is to be granted. The Legislature did not use “assessed valuation” for hearings before the county board of taxation and “judgment of the county board of taxation” for hearings before the Tax Court.
In Piscataway Assoc., Inc. v. Piscataway Tp., 73 N.J. 546, 376 A.2d 527 (1977), our Supreme Court considered a claim of discrimination under In re Appeal of Kents 2124 Atlantic Ave., Inc., 34 N.J. 21, 166 A.2d 763 (1961). The court reviewed the history of the case from the township’s original assessment through the Division of Tax Appeals and the Appellate Division of the Superior Court. In allowing relief the court referred to the original assessment and the findings of true value in the Division of Tax Appeals and in the Appellate Division. At no place in the opiniott is there any reference to the judgment of the county board of taxation.
*596 In Feder v. Passaic City, 105 N.J.Super. 157, 251 A.2d 457 (App.Div.1969), the court again specifically referred to “the original city assessments” and said:
The logical point at which to measure the taxpayer’s aggrievement in terms of discrimination is that where he stands before he invokes the guasi-judicial review by the tax boards — i.e., when the city assessment is made in the first place. [At 162, 251 A.2d 457]
Although Feder predated the effective date of chapter 123, its pronouncement applies to chapter 123 which was a legislative response to the need for a simpler method of proving discrimination than set forth in In re Appeal of Kents 2124 Atlantic Ave., Inc., supra, and Continental Paper Co. v. Ridgefield Pk., 122 N.J.Super. 446, 300 A.2d 850 (App.Div.1973), certif. den. 63 N.J. 328, 307 A.2d 101 (1973). In Devonshire Develop. Associates v. Hackensack, 2 N.J.Tax 392 (Tax Ct.1981), the court said:
Chapter 123 was in large part a legislative response to the problem of proving a discriminatory assessment in cases where Kents relief is sought, [at 398]
The appropriate formula, as set forth in N.J.S.A. 54:2-40.4 a, is R = AV/TV, where R is the ratio, AV is the assessed valuation and TV is the true value. Applying this formula, the ratio of the taxpayers’ assessed valuation to true value is 82% as follows:
R = AV _ $81,000 _ TV $99,000 =82%
The average ratio and the common level range for plaintiff borough for 1979, as disclosed by Division of Taxation, New Jersey Department of the Treasury, The Certification of Average Ratios and Common Level Range for Use in the Tax Year 1979 (1979) and promulgated pursuant to L. 1973, c. 123, § 5, N.J.S.A. 54:l-35b, are as follows:
Average Ratio Common Level Range
Lower Limit Upper Limit
82 69 95.
The ratio of the assessed valuation to the true value of the taxpayers’ property is equal to the chapter 123 average ratio.
*597 The taxpayers are not entitled to a reduction of their original assessment. The original assessment is reinstated.
The Clerk of the Tax Court will enter a judgment that the assessment for the subject property for the tax year 1979 is:
Land $ 38,900
Improvements 42,100
Total $ 81,000