PER CURIAM.
Plaintiff-taxpayer Stephen Tedesco[1] appeals from a judgment of the Tax Court affirming the county board judgment for the 2000 tax year for his residential property located at 24 William Street in Montclair Township. The municipal assessment of $118,500 was reduced to $100,000 by the Essex County Board of Taxation. Taxpayer appealed to the Tax Court for a further reduction. Taxpayer testified as to other properties that played a role in his decision to purchase the property in January 2000 for $65,000, and asserted that his sales price represented the fair market value of the property as of the date of assessment. Using a comparable sales approach, the municipality’s appraiser valued *97 the property at $100,000. The court found taxpayer failed to overcome his burden of proof and municipality failed to establish a value higher than the county board judgment. The court entered judgment affirming the original assessment. By supplemental letter opinion the court corrected its error and entered an amended judgment affirming the county board assessment. See Ford Motor Co. v. Edison Township, 10 N.J.Tax 153 (Tax 1988), aff'd, 12 N.J.Tax. 244 (App.Div.1990), aff'd, 127 N.J. 290, 604 A.2d 580 (1992); Borough of Rumson v. Peckham, 7 N.J.Tax 539 (Tax 1985); Borough of Rumson v. Haran, 3 N.J.Tax 590 (Tax 1981).
Taxpayer makes the following arguments on appeal:

POINT ONE

AFTER THE PLAINTIFF TESTIFIED ABOUT THE VALUE OF THE SUBJECT PROPERTY, THE PRESUMPTION OF CORRECTNESS WAS OVERCOME.

POINT TWO

THE DEFENDANT’S EXPERT’S VALUATION OF THE PROPERTY SHOULD BE CONSIDERED AN ADOPTIVE ADMISSION, BINDING UPON THE MUNICIPALITY.

POINT THREE

THE TAX COURT JUDGE FAILED TO GIVE PROPER WEIGHT TO THE SALE PRICE OF THE SUBJECT PROPERTY IN DETERMINING ITS’ FAIR VALUE.
A. THE SALE PRICE REPRESENTED TRUE VALUE.
B. PRESENCE OF A FORECLOSING BANK DOES NOT AUTOMATICALLY VITIATE THE SALE PRICE AS THE APPROPRIATE GAGE OF TRUE VALUE.

POINT FOUR

THE TAX COURT JUDGE IMPROPERLY PRECLUDED THE PROPERTY OWNER (PLAINTIFF) FROM TESTIFYING AS AN EXPERT ON THE TRUE VALUE OF HIS OWN PROPERTY.
After thoroughly reviewing the record in light of the oral and written arguments, in light of the applicable law, we conclude that all of taxpayer’s arguments are without sufficient merit to require a comprehensive written decision. R. 2:11-3(e)(1)(A) and (E). We are satisfied there is substantial credible evidence in the record to sustain the judge’s conclusion, and we affirm substantially for the reasons expressed by Judge Bianco in his comprehensive oral opinion rendered on October 16, 2001 following trial and modified by letter dated October 26, 2001. Rova Farms Resort, *98 Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 483-84, 323 A.2d 495 (1974). See also Glenpointe Assocs. v. Township of Teaneck, 241 N.J.Super. 37, 46, 574 A.2d 459 (App.Div.), certif. denied, 122 N.J. 391, 585 A.2d 392 (1990) (recognizing the special expertise of judges presiding in the Tax Court, whose findings will not be disturbed unless they are plainly arbitrary or there is a lack of substantial credible evidence to support them). We add the following brief comments.
Chase Manhattan Bank purchased the subject property at sheriff’s sale on October 25, 1999, subject to liens of $78,500. On January 10, 2000 title was transferred for one dollar to Bankers Trust Company, as trustee for Amresco Residential Securities, which listed the property for sale at a price of $72,900. Taxpayer, who was offered as a fact witness as to the circumstances of his purchase, testified he initially bid $62,000 and ultimately purchased the property from Bankers Trust Company on January 13, 2000 for $65,000. A tiler by trade, he was involved in buying and selling single and multi-family homes over a ten-year period and at the time of trial owned sixteen or seventeen rental units. Taxpayer testified about other properties which had been offered for sale or sold that he looked at in determining how much to bid for the subject property. Judge Bianco gave taxpayer broad latitude and permitted him to comment on physical similarities and differences, between the houses he considered to be potentially comparable to the subject property. Contrary to taxpayer’s position on appeal, the court permitted him to delve significantly into the realm of what he deemed to be comparable sales, couched in terms of his choice of a bid price, to discredit the municipality's expert. Taxpayer, however, failed to present sufficient competent evidence to overcome the presumption of correctness of the county board assessment and establish a true value of the property different from that established by the county board. See, e.g., Pantasote Co. v. City of Passaic, 100 N.J. 408, 413, 495 A.2d 1308 (1985) (holding that on appeal to the Tax Court from a county board judgment or on direct appeal, plaintiff must present sufficient competent evidence which is “definite, positive and certain in quality and quantity to overcome the presumption” of *99 correctness of the county board judgment and original assessment, respectively). Judge Bianco stated:
[Taxpayer] was not offered as an expert witness in real estate appraisal. He has offered no comparable properties for the Court to consider____ basically Mr. Tedesco testified to really what he knew, which was his end of the transaction, what he offered and what he was willing to ultimately pay for the property. We— we really don’t know what the other side was thinking in terms of evaluating whether this was a ‘usable sale’ or not usable sale or an arms length transaction.
And based on the objection of — of the plaintiffs counsel [that the comparable sales failed to include the SKIA number as required under Rule 8:6 — 1(b)(2) ] and the cross examination testimony I have — I have serious doubt with regard to the conclusions drawn by the expert witness in this case. And it is, therefore, my determination that I am not going to accept and use the comparables that were provided by the municipality’s expert in making my determination for this ease.
We defer to the Tax Court’s assessment of the proofs before it and its determination that taxpayer’s sales price did not represent the fair market value of the subject property. We have uniformly recognized that the sales price may be indicative of the true value of a property but it is not controlling, and it is for the factfinder to weigh and appraise the factors surrounding a sale to determine if there were “special” circumstances that may have had an effect on the amount of the sales price without affecting its true value. See, e.g., Glen Wall Assocs. v. Wall Township, 99 N.J. 265, 282, 491 A.2d 1247 (1985); Rek Inv. Co. v. City of Newark, 80 N.J.Super. 552, 559, 194 A.2d 368 (App.Div.1963); Almax Builders, Inc. v. City of Perth Amboy, 1 N.J.Tax 31, 38 (Tax 1980). Judge Bianco considered the appropriate factors and concluded that this transaction was a distress sale that did not accurately reflect its fair market value. Hull Junction Holding Carp. v. Princeton Borough, 16 N.J.Tax 68, 94 (Tax 1996). A bank, which is not typically motivated to own and maintain residential property but is more concerned with recouping money on a defaulted loan, sold the property to taxpayer within two months of purchasing it at sheriffs sale. Moreover, taxpayer acknowledged he often purchased properties at lower than fair market value with the hope of selling them for a profit in the future.
Affirmed.

 Although plaintiff-appellant is listed as Stephen and Jennifer Tedesco, Jennifer was not a named party in the county board judgment, tax court judgment, or identified in the record below. Therefore, all references in this opinion to plaintiff-taxpayer will be to Stephen.