89 N.J. Super. 282 (1965)
214 A.2d 708
TOWNSHIP OF EAST WINDSOR, IN THE COUNTY OF MERCER, PETITIONER-APPELLANT,
v.
THE DIVISION OF TAX APPEALS, DEPARTMENT OF THE TREASURY, STATE OF NEW JERSEY, AND THE MERCER COUNTY BOARD OF TAXATION, RESPONDENTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 11, 1965.
Decided November 15, 1965.
*285 Before Judges GOLDMANN, FOLEY and COLLESTER.
Mr. William L. Boyan argued the cause for appellant (Mr. Timothy J. Kelty, attorney; Messrs. George Warren and Thomas J. McGann, of counsel).
Mr. Harold Leib, Deputy Attorney General, argued the cause for respondents (Mr. Arthur J. Sills, Attorney General, attorney).
The opinion of the court was delivered by COLLESTER, J.A.D.
This is an appeal by the Township of East Windsor (township) from a judgment of the Division of Tax Appeals (Division) which affirmed the 1964 equalization table adopted by the Mercer County Board of Taxation (county board).
In establishing its 1964 table of equalization the county board computed the ratio of assessed to true value of real property in the township at 40.65%. The county board used as a base for its table the ratio of assessed to true value of real property promulgated by the Director of the Division of Taxation (Director) on October 1, 1963 for use in connection with the distribution of school aid to municipalities.
The township's primary ground of appeal is that the Division erred in holding that it could not revise the Director's table, adopted by the county board as its own, even though the table was computed by inclusion of a sale (hereinafter referred to as the Milford Farms sale), which should not have been used under the categories of unusable sales established by the Director himself.
The facts are not in dispute. On July 3, 1961 Milford Farms, a partnership, contracted to sell a tract of land in East Windsor, then zoned for farm use, to Jayeff Holding Corporation for $165,144. The assessed value of the land was *286 $10,800. The contract provided that the purchaser would not be obligated to consummate the transaction unless the zoning ordinance was amended to permit use of the land for commercial and light manufacturing purposes. The zoning ordinance was so amended on November 6, 1961, and the property conveyed by deed dated November 22, 1961.
On October 1, 1962 the Director promulgated his table of equalized valuations for use in the calculation and apportionment of state aid to local schools for the school fiscal year 1963-1964. In preparing the table the Director used the Milford Farms sale as a sample sale of Class 3 property, i.e., farm property. The township did not challenge the table as permitted by N.J.S.A. 54:1-35.4. In March 1963 the county board established its 1963 table of equalization for the purpose of apportioning the county tax burden among the municipalities of the county. N.J.S.A. 54:3-17. In the discharge of that task the county board, as a matter of course, adopted the ratio of assessed to true value of real property in East Windsor, as it appeared in the Director's table. The township did not appeal under N.J.S.A. 54:2-37.
On October 1, 1963 the Director promulgated his school aid table for the school fiscal year 1964-1965. In establishing his ratio of assessed to true value of East Windsor real property, the Director used sales studies based on sales in East Windsor for two years previous to June 30, 1963. The Milford Farms sale, classified as farm property, was included as a "prior year" sale (as distinguished from a "current year" sale). The township appealed to the Division from the Director's table but did not challenge the inclusion of the Milford Farms sale. The appeal, based on the inclusion by the Director of several current year sales, was terminated by a stipulation between the township and the Director which was incorporated in a judgment entered by the Division on December 12, 1963 which caused the assigned ratio for East Windsor to be increased by .01%.
In 1963 the township completed a revaluation of its real property. The appraised values resulting therefrom were included *287 in the assessment lists at 50% of true value for the tax year 1964. In preparation of its 1964 equalization table the county board took into account this revaluation. Having adopted the Director's 1963 table of equalized values as its own, it adjusted the ratio under an approved formula for determining the new average ratio for revalued and reassessed municipalities. The county board's preliminary table of equalization was issued pursuant to N.J.S.A. 54:3-17, and a ratio of 35.73% of assessed to true value was assigned to East Windsor. The township took exception to the preliminary table, contending that its revaluation of real property gave a more accurate picture of the aggregate true value than that arrived at by use of the Director's sales study ratio, and that the Director's two-year sales study contained sales which should not have been included. However, the township did not challenge the use of the Milford Farms sale as a prior year sale in the Director's computations. Following a hearing the county board revised its table to compensate for the mathematical errors of the assessor, denied the township's claims, and adopted its final equalization table assigning a ratio for East Windsor of 40.65%. The township appealed to the Division.
The Division's stated reason for refusing to revise and correct the 1964 county table by elimination of the Milford Farms sale was that the township had not challenged the use of the sale when the county board promulgated its 1963 table of equalization. It held that under the decision rendered in City of Bayonne v. Division of Tax Appeals, 49 N.J. Super. 230 (App. Div. 1958), sales which were used in the promulgation of the 1963 county table could not be the subject of inquiry in a review of the 1964 table.
We are not concerned here with an appeal from the Director's school aid table, as in Bayonne. This is an appeal from a county equalization table promulgated by the county board for use in apportioning the cost of county government among the municipalities.
*288 N.J.S.A. 54:3-17 and 19, which require the county board of taxation to prepare a county equalization table, do not specify any plan or method for arriving at equalization. Any reasonable and efficient mode may be adopted. City of Passaic v. Passaic County Bd. of Taxation, 18 N.J. 371, 385 (1955). The Director's table of equalized values, promulgated on October 1 of each year, is designed for use in the apportionment of state aid to schools; it is not prepared to control distribution of the county tax burden. The obligation to equalize assessments to that end rests upon the county tax board. Town of Kearny v. Div. of Tax Appeals, 35 N.J. 299, 304 (1961). Because the same method of determining average ratios would probably be followed, as a matter of practice, the Director's table is ordinarily accepted by the county board as prima facie correct and consequently usable in the achievement of its statutory aim. However, in Kearny, the court stated:
"But such a course would not be warranted in the face of adequate evidence offered by a complaining municipality to demonstrate that the ratio ascribed to it is incorrect or plainly unjust. In that event, the Board would not be fulfilling the statutory mandate to `ascertain and determine according to its best knowledge and information, the general ratio or percentage of true value at which the real property of each taxing district is in fact assessed * * *' N.J.S.A. 54:3-17." (at p. 304)
In the instant case the Division, although it ruled against the township, determined that the Milford Farms sale should not, in fact, have been used as an includable sale in the 1962 Director's table. The township contends that the inclusion of the Milford Farms sale as a "prior year" sale in the 1963 Director's table, which was adopted by the county board as its own in preparing the 1964 county table, was plainly unjust  that the elimination of this sale from the table would result in a ratio assigned to East Windsor of approximately 60% instead of 40.65%, thereby reducing its share of the cost of county government.
*289 In Town of Kearny v. Div. of Tax Appeals, supra, the Supreme Court in considering appeals by the municipality from both the Director's school aid table and the county's equalization table, held that the exclusion of certain includable sales from the tables constituted a mistaken use of discretion by the Director and the county board. The court stated:
"[T]he very nature of the formula used in reaching the ratio would seem to call for adjustment or correction when specific facts relating to a sale or sales are revealed to the Director or to the County Tax Board, which facts, when given proper effect, demonstrate that the share of the county tax burden imposed on the particular municipality is dramatically or substantially excessive or that the allotment of state school aid to it is dramatically or substantially below its just share." (at p. 310)
We think that City of Bayonne v. Division of Tax Appeals, upon which the Division relied, is distinguishable from the instant case. In Bayonne the city was not appealing from a county equalization table but attacked directly the Director's table which had been promulgated for use in apportioning state aid to local school districts. Bayonne claimed that the Director improperly excluded a prior year sale in computing his table of October 1, 1956 for the 1957-1958 school fiscal year and that such exclusion would lessen the city's share of school aid by $17,000. The court held that after an opportunity to object to the list of sales used by the Director has been afforded and the list of sales for the year is finally closed, a school district could not thereafter challenge the list of sales when used by the Director in the following year as a "prior year" sale. The basis for the decision was that the Director's entire administrative process would be crippled if he was put to the necessity of re-examining his entire sales determinations merely because a municipality, belatedly, was able to show him one or more isolated cases of mistaken exclusion or inclusion of sales.
We do not think that the reason given in Bayonne, supra, barring a challenge to the list of prior year sales is pertinent *290 in the present case. When the county board is formulating its equalization table the task is less onerous than that of the Director. The county board starts out with the Director's table and a record of all sales occurring in each municipality in the pertinent period. It is not a difficult task to evaluate a few sales on the complaint of a municipality. Cf. Town of Kearny v. Div. of Tax Appeals, supra, at p. 316.
In support of the Division's ruling, respondent argues that the township is collaterally estopped from challenging the inclusion of the Milford Farms sale in the 1964 county equalization table because of the consent judgment entered into with the Director on December 12, 1963. As noted heretofore that judgment, which increased East Windsor's ratio in the school aid table by .01%, resulted from an appeal taken by the township under N.J.S.A. 54:1-35.4. The inclusion of the Milford Farms sale in the Director's table was not raised or considered in that proceeding. However, as we have said, the county board is under an independent duty to prepare its table of equalization for use in apportioning the cost of county government. While the county board may adopt the Director's table in a proper case it is not legally required to do so, and it may not accept the Director's ratio in the face of adequate evidence by a complaining municipality that the Director's table is incorrect. Town of Kearny v. Div. of Tax Appeals, supra, at p. 304. Since the county board is not required to make use of the Director's school aid table and, where it does use it may modify it where its use would create an unjust result, we can see no basis for respondent's claim of collateral estoppel.
Respondent also contends that since the township did not challenge the inclusion in the table of the Milford Farms sale before the county board, it should have been precluded from doing so before the Division. We do not agree. In the proceedings before the county board the township challenged the table on several grounds. It contended, inter alia, that the 1963 revaluation of its ratables produced a more accurate picture of the aggregate true value of its *291 property than the two-year sales study conducted by the Director. It also alleged that certain unusable sales had been included in the determination of the ratio. While the township did not specifically challenge the Milford Farms sale at the hearing before the county board, we can see no justifiable reason to foreclose it from doing so in the statutory review of the table before the Division.
The Division's function under N.J.S.A. 54:2-37 is not an appellate function governed solely by principles of appellate review. In City of Passaic v. Passaic County Bd. of Taxation, supra, 18 N.J. 371 (1955), the court said:
"The function drawn in by a municipality's complaint as to a county equalization table, or of the Division's own motion regarding such a table, is the identical function charged in the first instance to the county board. In short, when the county board has failed to do the job properly or at all, it becomes the duty of the State Division to do it to the end that there shall be as nearly as may be a fair apportionment of the county taxes." (at p. 393)
The statutory hearing before the county board, pursuant to N.J.S.A. 54:3-18, is not a judicial proceeding. It is legislative or quasi-legislative in nature, not purposed to adjudicate disputes with or among municipalities but solely to enable the county board best to perform its function of securing a fair apportionment of the county tax burden. It therefore receives and should receive any proofs reasonably calculated to assist it in reaching a correct determination of the ratios and should not reject such proofs or refuse appropriate evidential weight to them out of an over-sensitive regard for their admissibility under rules of evidence applicable in judicial proceedings. (Id., at p. 389)
When an appeal is taken to the Division from the county table and an error is shown as to an aggregate of any one of the municipalities, the Division, like the county board, should correct the equalization table. The proceeding before the Division is de novo, and a municipality has the same standing to present proofs of error in the county table as it had before the county board. Cf. Riverview Gardens Section *292 One v. North Arlington Borough, 9 N.J. 167, 174 (1952); Rek Investment Co. v. City of Newark, 80 N.J. Super. 552, 557 (App. Div. 1963): City of Passaic v. Gera Mills, 55 N.J. Super. 73, 88 (App. Div. 1959).
The Division has found from the evidence that the Milford Farms sale should have been excluded by the Director in his table of 1962. It follows that it should have been excluded in the Director's table of 1963 and the county's equalization table of 1964. The case will be remanded to the Division with directions to recompute the 1964 county equalization table excluding the Milford Farms sale.
Reversed and remanded.