## DIVISION OF TAX APPEALS.

### IN THE MATTER OF THE APPEAL OF BOROUGH OF NORTH ARLINGTON, PETITIONER, v. RIVERVIEW GARDENS, SECTION ONE, INCORPORATED, RESPONDENT.

For the Year 1945.

Decided September 23, 1947.

For the petitioner, *Bruck & Bigel.*

For the respondent, *Charles Rubenstein.*

LABRECQUE, COMMISSIONER. Riverview Gardens, Section One, Incorporated, is the owner of certain property situated in the Borough of North Arlington, consisting of a garden type apartment development. For the year 1945, the property was assessed at $224,750. On or about August 3d, 1945, the Borough of North Arlington filed its petition of appeal to the Bergen County Board of Taxation seeking an increase in the assessment to $267,000. The petition of appeal recites that the petitioner is aggrieved by the assessment because "the said assessment is lower than its true value." The Bergen County Board of Taxation dismissed the borough's appeal, following which the present appeal was filed with us on December 5th, 1945. In the petition filed with us, it is again charged that the municipality is aggrieved because the said assessment is less than its true value. Both the petition to the County Board and the petition filed with the Division of Tax Appeals are signed and sworn to by John R. Manson, Mayor of the appealing municipality.

The taxpayer moves to dismiss the appeal on the ground that we are without jurisdiction to hear the same for various reasons, which will be hereafter referred to.

From the undisputed facts, it appears that on or before the 10th day of January, 1945, the municipal tax assessor filed with the County Board his complete assessment list and duplicate as required by law. *R. S.* 54:4–35; *N. J. S. A.* 54:4–35. In this list, the taxpayer's property was assessed at land, $20,000; improvements, $204,750; total, $224,750. The County Board, in pursuance of the various duties required of

it by the statute, *R. S.* 54:4–55; *R. S.* 54:4–46 to 54:4–48; *N. J. S. A.* 54:4–55, *N. J. S. A.* 54:4–46 to 54:4–48, revised and corrected the assessments and certified and transmitted the same. In the instant case no change was made in the assessment, as originally fixed by the assessor.

The respondent taxpayer urges that there should be a dismissal of the appeal for the reason that the municipality has failed to charge in its petition of appeal to the County Board and to us that it has been discriminated against.

It is also urged that there was no official action by the municipal governing body finding that the borough was discriminated against and authorizing the filing of the appeal.

It is clear that the motion of the taxpayer should be granted and the appeal dismissed. The rule is well settled that only a municipality which may feel discriminated against by the assessed valuation of property in the taxing district may appeal to the County Board of Taxation. The applicable statute, *R. S.* 54:3–21; *N. J. S. A.* 54:3–21, provides:

"A taxpayer feeling aggrieved * * * or feeling that he is discriminated against * * * *or* a taxing district which may feel discriminated against * * * may * * * appeal to the County Board of Taxation * * *."

The authority thus conferred is not a general right. It is especially limited and may be exercised only in the event of discrimination against the municipality. *In re Jersey City,* 23 *N. J. Mis. R.* 311; 44 *Atl. Rep.* (*2d*) 189. The power to increase valuations of property for the purpose of taxation being a statutory one, it must be exercised in strict compliance with the statute conferring jurisdiction. *Englewood* v. *Hopper,* 54 *N. J. L.* 544; 23 *Atl. Rep.* 948. In order to confer jurisdiction upon the County Board, therefore, it is necessary, first, that the municipality charge, in its petition of appeal, that it is discriminated against, and that it set forth what assessment brought about this discrimination. *In re Jersey City,* 24 *N. J. Mis. R.* 315; 49 *Atl. Rep.* (*2d*) 26. It was further required to show, on the face of its records, that it felt discriminated against. *In re Jersey City,* 24 *N. J. Mis. R.* 315; 49 *Atl. Rep.* (*2d*) 26. *In re Jersey City,* 23 *N. J. Mis. R.* 311; 44 *Atl. Rep.* (*2d*) 189.

It is undisputed that the petition of appeal filed with the County Board failed to charge or allege discrimination against the municipality. Since this was the *sine qua non* to the assumption of jurisdiction by the Board, the Board was without power to hear the appeal. If the County Board was not vested with jurisdiction to hear the case, neither are we. *Oradell* v. *State Board of Tax Appeals*, 125 *N. J. L.* 27; 13 *Atl. Rep.* (2d) 479. And this is especially so since the petition of appeal filed with us likewise fails to allege discrimination.

It is urged that a resolution was passed by the municipal governing body, correcting this omission. The resolution in question was adopted on September 17th, 1946. It is clear that the cited resolution could not give validity to the proceedings before the County Board which had antedated it by many months, and even were this not so, the resolution itself is devoid of any direction or authorization that the petition of appeal be amended to set up a charge of discrimination. In point of fact, this latter course would have been futile since, at the time the resolution was passed, the action of the County Board on the appeal was a matter of history.

It is further urged that, since the question of jurisdiction was not formally raised before the County Board, it cannot be raised here. The rule is to the contrary, however. The city and the taxpayer could not, by agreement, confer jurisdiction upon the County Board where, under the statute, it had no such jurisdiction. *In re Jersey City*, 23 *N. J. Mis. R.* 311; 44 *Atl. Rep.* (2d) 189. The question of jurisdiction is properly raised before us notwithstanding that it may not have been raised below. *McMichael* v. *Horay*, 90 *N. J. L.* 142; 100 *Atl. Rep.* 205.

Since the County Board was without jurisdiction to hear the appeal in the first instance, the appeal should have been dismissed. It follows that the municipality's appeal to this Division should likewise be dismissed.

The conclusion reached makes it unnecessary to consider the remaining grounds urged in support of the motion.

The motion is granted, the action of the County Board is affirmed, and the petition of appeal dismissed.