25 N.J. Super. 82 (1953)
95 A.2d 488
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GEORGE HILDEBRAND, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 8, 1952.
Decided March 12, 1953.
*83 Before Judges McGEEHAN, BIGELOW and JAYNE.
Mr. George Hildebrand, pro se.
Mr. Theodore D. Parsons, Attorney-General of New Jersey (Mr. Eugene T. Urbaniak, Deputy Attorney-General), for the State.
*84 The opinion of the court was delivered by McGEEHAN, S.J.A.D.
George Hildebrand was convicted, in the former Court of Oyer and Terminer of Burlington County, of murder in the first degree, and on November 21, 1935 a sentence of death was imposed upon him. On July 14, 1936 this sentence of death was commuted by the former Court of Pardons to imprisonment for life, and the defendant is now detained in State Prison for the term for which the sentence was commuted. On June 27, 1952 the defendant made an application to the State Parole Board to appear before that Board and be considered for parole. On July 3, 1952 the Parole Board ruled that it had no authority to consider for release on parole any prisoner upon whom a sentence of death had been imposed and whose sentence was commuted to imprisonment for life by action of the former Court of Pardons, and denied the defendant's application.
When the defendant's death sentence was commuted in 1936, our 1844 Constitution was in effect and Article V, paragraph 10 thereof provided that the Court of Pardons "may * * * grant pardons, after conviction, in all cases except impeachment." This constitutional grant of the pardoning power carried with it the lesser powers of granting remission of part of the penalty, of granting commutation of sentence, and of granting a limited or partial pardon, although none of these lesser powers is specifically mentioned. Cook v. Board of Chosen Freeholders, 26 N.J.L. 326 (Sup. Ct. 1857); In re Court of Pardons, 97 N.J. Eq. 555 (Ct. Pardons 1925, advisory opinion of Chancellor Walker). R.S. 2:197-1 (which carried forward, with editorial change only, sections 3 and 4 of "An act relative to the court of pardons," approved January 18, 1853, and section 1 of the supplement thereto, approved March 20, 1857) implemented this constitutional provision and provided that when the order of the Court of Pardons commuting a death sentence shall be received by the Principal Keeper of the State Prison, he shall detain such person "for the term for which the sentence was commuted, and such term of imprisonment shall *85 not be remitted or commuted, but nothing in this section shall be construed to limit the powers of the said court to grant pardons or remit fines and forfeitures in any case after conviction."
Article V, Section II of our 1947 Constitution provides as follows:
"1. The Governor may grant pardons and reprieves in all cases other than impeachment and treason, and may suspend and remit fines and forfeitures. A commission or other body may be established by law to aid and advise the Governor in the exercise of executive clemency.
2. A system for the granting of parole shall be provided by law."
Chapters 83 and 84 of the Laws of 1948 were passed to implement these constitutional provisions. L. 1948, c. 83 carried forward the provisions of R.S. 2:197-1, substituting "Governor" for "Court of Pardons," and repealed R.S. 2:197-1. L. 1948, c. 84 established a State Parole Board and defined its composition, powers and duties. Section 5 of chapter 84 provides:
"It shall be the duty of the board to determine when, and under what conditions, subject to the provisions of this act, persons now or hereafter serving sentences having fixed minimum and maximum terms or serving sentences for life, in the several penal and correctional institutions of this state may be released upon parole * * *";
and section 11 provides:
"Any prisoner serving a sentence of life shall be eligible for consideration for release on parole after having served twenty-five years of his sentence, less commutation time for good behavior and time credits earned and allowed by reason of diligent application to work assignments."
That the defendant, at the time of his application, had served 25 years less credits on the term of life imprisonment, is not in question. The State Parole Board ruled that it had no authority to consider the defendant's application for parole for two reasons: (1) that section 4 of L. 1948, c. 83 provides that when a death sentence has been commuted by *86 the Governor "The Principal Keeper of the State Prison, upon receiving such order, shall refrain from executing the sentence of death and shall detain such person for the term for which the sentence was commuted but such term of imprisonment shall not be remitted or commuted except by the Governor," and (2) because the defendant is not "serving a sentence of life," as those words are used in L. 1948, c. 84, § 11.
In his advisory opinion (In re N.J. Court of Pardons, above), Chancellor Walker, in dealing with the constitutional power of the former Court of Pardons to "grant pardons," pointed out that the grant of a parole is neither the grant of a remission of penalty, nor the grant of a commutation of sentence, nor an exercise of the pardoning power, and consequently the legislation then in effect granting the power of parole to the board of managers of certain state institutions was not an unconstitutional encroachment on the constitutional powers of the Court of Pardons. The decision in the case of In re Kneipher, 12 N.J. Super. 407 (Cty. Ct. 1951), turns upon the distinction between a limited pardon (equivalent to parole in the commonly understood sense) granted by the former Court of Pardons under the constitutional power given it by the 1844 Constitution, and a parole granted under purely legislative powers, such as now given the State Parole Board under L. 1948, c. 84.
In connection with the distinction between "pardon" and "parole" it is interesting to note the testimony of Governor Driscoll given before the Committee on the Judiciary (4 Proceedings of the Constitutional Convention of 1947, p. 438), at a preliminary hearing on this subject matter on July 10, 1947. The Governor stated that the executive function should include "hearing applications for pardon and, perhaps, the commutation of a sentence. We use the terms `pardon' and `parole' entirely too loosely here in New Jersey"; and, further, "parole, at expiration of minimum sentence, however, as contrasted with pardon, should be a matter for the parole board or agency operating as a professional agency."
*87 Since the power given by L. 1948, c. 84 to the State Parole Board to grant parole to a prisoner serving a life sentence is neither a power to grant a remission of penalty, nor a power to commute sentence, nor any exercise of the pardoning power, such power of the State Parole Board is not limited by the provisions of L. 1948, c. 83, § 4, which provide that the term of imprisonment for which a death sentence was commuted "shall not be remitted or commuted except by the Governor."
The second ground given by the State Parole Board for refusing defendant's application is that he is not a "prisoner serving a sentence of life" as those words are used in L. 1948, c. 84. The argument advanced is that a "sentence" to prison can be imposed only by the judiciary. Although the defendant's death sentence was commuted to a term of imprisonment for life by the action of the former Court of Pardons, it is contended that he is not serving a "sentence of life" but merely a commuted term of imprisonment imposed by a body which was not a part of the judiciary. The fact that section 5 of L. 1948, c. 84 uses "serving sentences for life" while section 11 thereof uses "serving a sentence of life," is some indication that the word "sentence" was not used in a narrow technical sense, but rather in a general sense sufficiently broad to include one such as this defendant who is serving a "term of imprisonment for life" under a commuted sentence of death. This defendant qualifies under section 11 as a "prisoner serving a sentence of life."
We conclude that the ruling of the State Parole Board is invalid and that the defendant is not ineligible for consideration for parole by the State Parole Board for any of the reasons set forth in the letter of the State Parole Board dated July 3, 1952.