80 N.J. Super. 552 (1963)
194 A.2d 368
REK INVESTMENT COMPANY, PETITIONER-APPELLANT,
v.
THE CITY OF NEWARK, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 9, 1963.
Decided October 17, 1963.
*554 Before Judges GAULKIN, LEWIS and LABRECQUE.
Mr. Jack Okin argued the cause for petitioner-appellant (Messrs. Okin and Okin, attorneys).
Mr. Saul A. Wolfe argued the cause for respondent City of Newark (Mr. Norman N. Schiff, Corporation Counsel of the City of Newark, attorney).
Mr. Arthur J. Sills, Attorney General of New Jersey, for respondent Division of Tax Appeals, filed a statement in lieu of brief pursuant to R.R. 1:7-4(b), (Mr. Alan B. Handler, of counsel).
*555 The opinion of the court was delivered by LABRECQUE, J.S.C. (temporarily assigned).
Rek Investment Company appeals from a judgment of the Division of Tax Appeals fixing the assessment on its real property at 756-62 Broad Street, Newark, for the year 1961.
For the year in question Rek had appealed to the Essex County Board of Taxation from an assessment of land, $268,900; improvements, $45,700; total: $314,600. The county board reduced the assessment to land, $215,500; improvements, $17,500; total: $232,500. Rek thereupon sought a further reduction by appealing to the Division of Tax Appeals. No cross-appeal was filed by the city, although it was the appellant in a companion appeal involving the 1960 assessment on the same parcel, made when it was owned by Rek's grantor. The appeals were tried together and the Division determined that the true value of the property for each year was $525,900. Based upon an agreed common level of 50%, judgment was entered increasing the assessment for 1961 to land, $248,000; improvements, $15,000; total: $263,000. The present appeal was then filed. An appeal to this court involving the 1960 assessment was also filed but was subsequently withdrawn.
Briefly stated, Rek contends that the Division was without jurisdiction to increase the assessment and that it was bound by the price at which the property had been sold to it just prior to the beginning of the tax year. Additionally, it asserts that a key factual finding was not supported by the evidence.
Rek first urges that upon an appeal to the Division of Tax Appeals by a taxpayer who has been successful before the county board but seeks a further reduction in its assessment, the Division is without jurisdiction to increase the assessment in the absence of a cross-appeal seeking such relief. Since there was no such cross-appeal here, it argues that the Division was limited to granting a further reduction or affirming the county board.
With this conclusion we are unable to agree. It is true that the Division of Tax Appeals is a statutory tribunal *556 and may proceed only in the manner permitted by law. City of Passaic v. Gera Mills, 55 N.J. Super. 73, 94 (App. Div. 1959), certification denied 30 N.J. 153 (1959). But it is likewise clear that the Division is the body charged with the obligation to hear and determine appeals from county boards of taxation. N.J.S.A. 54:2-33. To accomplish this task, it is vested with power to determine the true value of real property and to fix the assessment thereof, based upon true value or the common level of assessments to true value in the municipality. N.J.S.A. 54:4-2.25; Gibraltar Corrugated Paper Co. v. North Bergen Tp., 20 N.J. 213 (1955); Jat Company, Inc. v. Division of Tax Appeals, 47 N.J. Super. 571, 581 (App. Div. 1957).
We presume that the appeal before us was filed under N.J.S.A. 54:2-39, which applies to appeals by one who was an appellant before the county board. It reads, in part, as follows:
"Any appellant who is dissatisfied with the judgment of the county board of taxation upon his appeal may appeal from that judgment to the Division of Tax Appeals in the Department of the Treasury by filing a petition of appeal to the division, in manner and form to be by said division prescribed, on or before December 15 following the date fixed for final decisions by the county boards, and the division shall proceed summarily to hear and determine all such appeals and render its judgment thereon as soon as may be."
However, it may have been filed pursuant to N.J.S.A. 54:2-35, which permits appeals from county board determinations by parties affected. It provides as follows:
"Any action or determination of a county board of taxation may be appealed for review to the Division of Tax Appeals in the State Department of Taxation and Finance, under such rules and regulations as it may from time to time prescribe, and it may review such action and proceedings and give such judgment therein as it may think proper." (Emphasis added)
Both of the quoted statutes are of long standing. The predecessor of the Division of Tax Appeals interpreted its powers thereunder in the following language:
*557 "Under either or both of these sections, the action of the county board, viewed either as an affirmance of the assessments, or as a dismissal of the appeals, was appealable to this board, and an appeal brings the entire assessment, de novo, before this board, and not merely any special aspect thereof to which the county board may have confined its attention. * * *" Pope v. Borough of Red Bank, 19 A.2d 208, 19 N.J. Misc. 383, 385 (Div. of Tax Appeals, 1940).
Under the Division's rules, a petition of appeal from a county board of taxation to the Division may not fix any sum as the value of the property under appeal but must contain a general prayer that the assessment be increased or decreased to the true value thereof. Rule 16:8-6.140(d) (Rules of Division of Tax Appeals, 1959). If discrimination is alleged, the common level of assessments to true value must be set forth with a general prayer that the assessment be increased or decreased to the common level of assessments. Id.
The hearing before the Division of Tax Appeals is a de novo one in which the ultimate fact sought to be determined is the full and fair value of the property. City of Passaic v. Gera Mills, supra, 55 N.J. Super., at p. 83; N.J.S.A. 54:4-23. Where assessments in a municipality are not at full value, it also becomes the duty of the Division to determine the common level. In re Appeals of Kents 2124 Atlantic Ave., Inc., 34 N.J. 21 (1961).
The duty thus cast upon the Division cannot be circumscribed by the manner in which the appellant elects to word its petition of appeal. Upon the filing of a real property appeal, the amount of the assessment, whether based upon true value or the common level, is placed in issue. The prior action of the county board, while entitled to a presumption of correctness, North Bergen Twp., Hudson County v. Dieckmann's Estate, 37 N.J. Super. 221 (App. Div. 1955), does not attain the status of a "floor" or "ceiling" beyond which the assessment cannot be fixed. Once the presumption is overcome, the Division must appraise the conflicting testimony and make a determination. Id., at p. 223. It would be inconceivable that having determined true value it would find its *558 hands tied because the appellant asked for a reduction to true value, whereas, to achieve that desirable result, an increase was necessary.
In Hackensack v. Rubinstein, 37 N.J. 39 (1962), our Supreme Court held that upon an appeal to the Division to increase an assessment which had been filed pursuant to N.J.S.A. 54:2-35, a cross-appeal was not necessary in order to vest the Division with authority to entertain the charge that the assessment was already too high and should be reduced. We are not impressed with the appellant's suggestion that the court's action referred to was prompted by and depended upon the fact that the taxpayers had received tardy notice of the city's appeals and hence had been unable to file cross-appeals. On the contrary, the court specifically held:
"* * * But this [lapse of time for appeal] fact does not preclude presentation or consideration of their assertions at the Division hearing. Once the Division obtains jurisdiction, `[r]eview of assessed valuation, by a hearing de novo, is * * * [its] principal function * * * in individual tax appeals. On such review the true value of the subject property is the ultimate factual finding.' * * *." (37 N.J., at p. 52); (insert added)
By the same reasoning we hold that on the taxpayer's appeal for a further reduction pursuant to N.J.S.A. 54:2-39, notwithstanding the absence of a cross-appeal the Division had jurisdiction to increase the assessment appealed from where such action was necessary to bring the assessment to equalized true value. Cf. Delaware, L. & W.R. Co. v. City of Hoboken, 10 N.J. 418 (1952); N.J.S.A. 54:29A-33.
It is next urged that the Division acted arbitrarily and illegally in determining the true value of the subject premises to be $525,900, in view of the sale of the premises to Rek in 1960 for $425,000. In short, it contends that since there was an actual bona fide sale, the sale price was binding upon the assessor and hence upon the Division.
N.J.S.A. 54:4-23 provides:
"All real property shall be assessed to the person owning the same on October 1 in each year. The assessor shall ascertain the names *559 of the owners of all real property situate in his taxing district, and after examination and inquiry, determine the full and fair value of each parcel of real property situate in the taxing district at such price as, in his judgment, it would sell for at a fair and bona fide sale by private contract on October 1 next preceding the date on which the assessor shall complete his assessments, as hereinafter required. * * *"
On October 1, 1960 the property in question was owned by The Fannie E. Rippel Foundation. Pursuant to a contract made in the spring of 1960, the Foundation transferred the property to the appellant in December of that year for a consideration of $425,000, of which $100,000 was paid in cash and the balance by a five-year purchase money mortgage. The Division found the sale to be bona fide.
While the sales price of the subject premises was evidential, it was in no wise the exclusive criterion of true value. Switz v. Middletown Twp., 23 N.J. 580, 596 (1957). It has been repeatedly held that special circumstances may increase or depress market value without affecting the true value of property. Value for the purpose of taxation has some measure of permanency which renders it secure against general temporary inflation or deflation. Hackensack Water Co. v. Division of Tax Appeals, 2 N.J. 157, 163 (1949); Newark v. West Milford Twp. in Passaic County, 9 N.J. 295, 307 (1952). For these reasons, true value is not always to be ascertained by reference to the selling price of property. Harborside Warehouse Co., Inc. v. Jersey City, 128 N.J.L. 263, 265 (Sup. Ct. 1942), affirmed 129 N.J.L. 62 (E. & A. 1942), certiorari denied 318 U.S. 769, 63 S.Ct. 763, 87 L.Ed. 1140 (1942); Riverview Gardens Section One v. North Arlington Borough, 9 N.J. 167 (1952). In arriving at true value, the Division is not restricted to any particular formula (i.e., sale of subject premises or comparable sales), but may take into consideration all factors bearing upon the question of value. City of Passaic v. Gera Mills, supra, 55 N.J. Super., at p. 85.
In L. Bamberger & Co. v. Division of Tax Appeals, 1 N.J. 151 (1948), Bamberger appealed from the refusal of the *560 Division to reduce the assessment on property at Market Street, Newark. The property had been sold under what was found to be a fair and bona fide contract. As here, it was argued that the sale price should control the assessment. The Supreme Court held that while the selling price of real property at a bona fide sale was a "guiding indicium" of fair value which might, under the particular circumstances, become controlling, ordinarily it was merely evidential. (at p. 153) The determination of its effect was said to involve "the weighing and appraising of all component factors and adventitious circumstances." Ibid.
In determining whether the selling price of the premises in question represented the true value thereof, the Division was thus required to weigh and appraise the factors surrounding the sale to determine whether there were special circumstances which had a tendency to increase or depress the sales price of the property without affecting its true value, or whether, in the particular circumstances, the sale price was controlling. Harborside Warehouse Co. Inc. v. Jersey City, supra, 128 N.J.L., at p. 265; L. Bamberger & Co. v. Division of Tax Appeals, supra. Here the sale was by a trust which was going out of the real estate business. The property in question was its last remaining parcel of real estate. It had been on the market for some time and had been permitted to deteriorate considerably in the meantime. An analysis of the sales price revealed a unit-foot value which varied considerably from that of adjacent lands. Cf. Plainfield v. State Board of Tax Appeals, 126 N.J.L. 407 (Sup. Ct. 1941). The commissioner who heard the case also found that the overassessment of the property in previous years (at $528,000) had adversely affected the selling price, and that an analysis of the sale of a nearby parcel (728-30 Broad Street) indicated that it had sold at a considerably higher unit price than the subject premises.
We hold that the Division did not err in determining that while the sale price of the premises was entitled to great weight, it was not controlling.
*561 We turn next to consideration of the value placed upon the subject premises by the Division. The appellant does not quarrel with the building value of $30,000, but asserts that the land value of $495,900 was premised upon a finding of fact that the plot contained 110.19 effective front feet on Broad Street, for which there was no factual support in the record.
The property in question was located on the east side of Broad Street at the intersection of Clinton Street. It had a frontage on Broad Street of 88.06 feet and an average depth of 134 feet. Sanford Krasner, the city's expert, testified that it contained 107.54 effective front feet which he valued at $5,000 a front foot. Franklin Hannoch, Jr., one of appellant's experts, found 88 front feet, which he valued at $4,500, his figure of value including all the "influences" (i.e., extra depth, corner influence, etc.). The commissioner determined that the subject premises had a value of $4,500 per front foot, and thereupon stated:
"The exact computation of the number of effective front feet in this parcel can be subject to discrepancies and I have accepted the testimony of the witness for the taxpayers to the effect that 110.19 effective front feet are therein contained. I compute the value of the land therefore to be $495,900. * * *"
The difficulty with this finding is that neither Hannoch nor Goldstein, the witnesses for the taxpayer, had testified that the property contained 110.19 effective front feet. This is conceded by the city, but it is urged that Goldstein had prepared a written appraisal, copies of which were furnished to the commissioner and counsel, which set forth the effective front footage as 110.19. Be that as it may, the appraisal in question was never offered or received in evidence and is not part of the record before us for review. We are thus unable to determine from the findings of fact before us the course by which, and the basis on which, the Division arrived at its conclusion that there were 110.19 effective front feet in the plot.
*562 Where the findings of fact of the Division are deficient, this court may review the facts and make its own independent findings thereon, and even take additional evidence where required. The better practice, however, is to refrain from exercising such power in the absence of imperative necessity or extraordinary circumstances. Delaware, L. & W.R. Co. v. City of Hoboken, supra, 10 N.J., at pp. 424 and 428; In re Kresge-Newark, Inc., 30 N.J. Super. 489, 501 (App. Div. 1954); Newark v. West Milford Twp. in Passaic County, supra, 9 N.J., at p. 301. The case is therefore remanded to the Division to take proofs, if necessary, and to reach a determination based upon adequate findings of fact by it. N.J.S.A. 54:2-16; Atlantic City Transp. Co. v. Director, Div. of Taxation, 12 N.J. 130, 139 (1953); In re Mutual Benefit Life Ins. Co., 35 N.J. Super. 113, 115 (App. Div. 1955); In re Kresge-Newark, Inc., supra, 30 N.J. Super., at p. 501.
The judgment of the Division of Tax Appeals is accordingly reversed and remanded for further proceedings in accordance with this opinion.