108 N.J. Super. 111 (1969)
260 A.2d 235
BOROUGH OF MATAWAN, PETITIONER-RESPONDENT,
v.
TREE HAVEN APARTMENTS, INC., RESPONDENT-APPELLANT, AND DIVISION OF TAX APPEALS, DEPARTMENT OF THE TREASURY, RESPONDENT. BOROUGH OF MATAWAN, PETITIONER-RESPONDENT,
v.
RAVINE APARTMENTS, INC., RESPONDENT-APPELLANT, AND DIVISION OF TAX APPEALS, DEPARTMENT OF THE TREASURY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 24, 1969.
Decided December 23, 1969.
*113 Before Judges KILKENNY, LABRECQUE and LEONARD.
Mr. Stephen C. Carton argued the cause for appellants (Messrs. Carton, Nary, Witt & Arvanitis, attorneys).
*114 Mr. Louis R. Aikins argued the cause for respondent Borough of Matawan.
Mr. Arthur J. Sills, Attorney General of New Jersey, filed a statement in lieu of brief on behalf of respondent Division of Tax Appeals.
The opinion of the court was delivered by LABRECQUE, J.A.D.
In these consolidated appeals Tree Haven Apartments, Inc. (Tree Haven) and Ravine Apartments, Inc. (Ravine) challenge judgments of the Division of Tax Appeals (the Division) fixing the assessments on their apartment properties for the year 1967.
The original assessment, the county tax board action and the taxable value found by the Division as to each property are as follows:

 Tree Haven Ravine
 Apartments, Inc. Apartments, Inc.
Original Assessment:
 Land $ 80,600 $ 60,000
 Improvements 487,600 484,000
 ________ ________
 Total $568,200 $544,000
County Board Action:
 Land $ 62,600 $ 60,000
 Improvements 417,400 420,000
 ________ ________
 Total $480,000 $480,000
Value found by Division:
 Land $ 60,000 $ 60,000
 Improvements 498,000 498,000
 ________ ________
 Total $558,000 $558,000

The two properties adjoined and were under common ownership. Each consisted of a garden-apartment complex, with its attendant parking areas, driveways and recreational facilities. The present appeals do not challenge the correctness of the valuations arrived at by the Division. Instead, *115 both appellants urge that after having found true value, the judge of the Division should have fixed the assessment on each parcel to 89..15% thereof, to conform to the asserted average ratio of assessments to true values in the Borough of Matawan. In addition, Ravine challenges the right of the Division to fix its assessment at an amount in excess of the amount of the original assessment. In support of the true value assessment fixed by the Division, Matawan urges that (1) the tavpayers' original appeals were not based upon a claim of discrimination, and (2) there was no proof adduced by either party as to the common level for the year in question.
The power of the county board of taxation (board) to grant relief is a statutory one. N.J.S.A. 54:3-21 permits an appeal to the board by any taxpayer (1) aggrieved by the assessed valuation of his property, or (2) "feeling that he is discriminated against by the assessed valuation of other property in the county." Inquiry as to the reasons urged in support of the reduction sought by appellants at the board level reveals no mention of the second reason referred to (i.e., discrimination). In the space in each petition of appeal calling for the "reasons" for the reduction sought, each appellant asserted that "the assessment is in excess of true value." Hence, in the absence of anything in the record to indicate any other basis for the assessments fixed by the board, we conclude that, in response to the contentions set forth above, they represented the board's findings as to true value.
Matawan's appeals to the Division prayed that each property be determined "to have a true value" of a stated amount (corresponding with the amount of the original assessment) and that the assessment be fixed at that figure. Further, as the result of our inquiry at oral argument, we are convinced that the taxpayers did not advance discrimination as an issue at the de novo hearing. This would seem to account for the absence of any formal proof on that issue by either side. The only "proof" now relied upon by the *116 taxpayers is a statement contained in the written report of their appraisal expert that the "equalization" ratio for 1966 had been 89.15%.
It is a general rule that, in determining tax appeals, the Division may not be guided by any standard other than that fixed by law (here 100% of true value) unless the taxpayer, alleging discrimination, proves the existence and general use by the assessor of a different common level or ratio of assessments to true value, and subjection of his property to a discriminatory assessment above that level. Cf. City of Passaic v. Botany Mills, 72 N.J. Super. 449, 457 (App. Div. 1962), certif. den. 37 N.J. 231 (1962). Where it is made to appear that there is no common level, relief from a discriminatory assessment may be had on the basis of the average ratio of assessments to true values. In re Appeals of Kents 2124 Atlantic Ave., Inc., 34 N.J. 21 (1961). In using the average ratio, consideration may properly be given to any weakness or imbalance which may appear in connection with its use, in order to assure that it is not grossly deceptive as a fair gauge of the ratio of assessments to true value. Id., at pp. 31-32. The award of relief based upon discrimination presupposes proof bearing on that issue and the opportunity of the municipality to meet such proof.
Since the issue of discrimination was not raised by the taxpayers either before the board or the Division, it was not error to fail to award relief on that score. Cleff Realty Co. v. Jersey City, 41 N.J. Super. 465 (App. Div. 1956), certif. den. 23 N.J. 58 (1956). Further, assuming that it had been raised as an issue, the proofs adduced were inadequate to sustain a claim of discrimination. North Bergen Tp. v. Venino, 45 N.J. Super. 143, 147 (App. Div. 1957). Here there was nothing before the Division but the statement, buried in the face sheet of an appraisal report, that the 1966 equalization ratio was 89.15%.
We turn next to consideration of Ravine's contention that the fixing of its assessment at a figure $14,000 higher *117 than the original assessment was error. Neither party has cited any reported case, and we know of none, which has passed upon the issue. Matawan relies principally upon N.J.S.A. 54:2-35 which, in the case of an appeal from an action of the county tax board, authorizes the Division to give "such judgment therein as it may think proper."
In Hackensack v. Rubinstein, 37 N.J. 39, 52 (1962), where the City of Hackensack (as did Matawan here), appealed to the Division from reductions granted the appealing taxpayers, the court opened the door to further reductions, holding that once the Division obtained jurisdiction of the appeal, and notwithstanding the failure of the taxpayers to cross-appeal, they were free to introduce evidence that the assessments, even as reduced by the county tax board, were still too high. The court was not called upon to determine whether the increases sought by the city could extend beyond the amount of the original assessments.
In Rek Investment Co. v. City of Newark, 80 N.J. Super. 552 (App. Div. 1963) we held that where a taxpayer was dissatisfied with the reduction granted by the county tax board and sought a further reduction by appeal to the Division, the Division was not restricted to consideration of whether there should be a further decrease, but could restore a portion of the decrease granted by the county tax board, notwithstanding the failure of the city to appeal. Accord, Samuel Hird & Sons, Inc. v. City of Garfield, 87 N.J. Super. 65 (App. Div. 1965). While we thus held that the duty cast upon the Division was not circumscribed by the fact that the taxpayers had sought a decrease rather than an increase in the county tax board's figure, we were not called upon to determine whether the increase granted could extend beyond the amount fixed as the original assessment.
We are satisfied that in the context of the facts before us, the Division was limited to restoration of Ravine's original assessment.
An original assessment, from which the taxing district has failed to appeal, enjoys a status substantially different *118 from that of an assessment fixed by the county tax board on appeal. It is prepared by the assessor, pursuant to N.J.S.A. 54:4-24, but does not become the assessment until after he has completed his entire assessment list and submitted it to the county tax board (on January 10 of each tax year) for examination, revision and correction by it. N.J.S.A. 54:4-46. Before its submission to the county tax board, the assessment list is required to be open to public inspection. N.J.S.A. 54:4-38. When the county tax board has completed its review and revision and returned the tax duplicate as revised and corrected by it the assessment. is complete, Hackensack Water Co. v. Division of Tax Appeals, 2 N.J. 157, 164 (1949), and no change or alteration may thereafter be made except in the manner provided by law. N.J.S.A. 54:4-55. Basic fairness would seem to require that a taxpayer be put on notice as to any future proposed revision upward. Renner v. New Barbadoes Tp., N.J. Tax Reports 1912-1934, at 185, 40 N.J.L.J. 309 (St. Bd. of Taxes and Assessments 1917). Cf. Jersey City v. Board of Equalization of Taxes, 74 N.J.L. 753, 759 (E. & A. 1907), and Shillingsburg v. Greenwich, 83 N.J.L. 129, 131 (Sup. Ct. 1912).
To the extent here relevant, changes or alterations are to be made by the county tax board, acting in its appellate capacity, N.J.S.A. 54:3-21, in which case the requisite notice of any proposed upward revision would be contained in the petition of appeal filed by the taxing district. In the absence of such notice a taxpayer should be entitled to assume that his assessment is not being challenged as too low. Many individual taxpayers appear pro se before county tax boards. Without such assumption, a taxpayer would never know when he would be required to retain counsel and submit expert testimony in defense of his assessment. The inevitable result would be to discourage appeals to the county tax board regardless of merit.
Here Matawan elected not to challenge the original assessment. We are convinced that having waived its right *119 to appeal, it was not entitled to a second bite of the apple on its appeal from the reduction granted by the board. It would appear clear that had the board affirmed the assessment, Matawan would have had no right to challenge it by appeal to the Division. In the absence of an appeal to it by Matawan, the board itself lacked jurisdiction to increase the original assessment. If it lacked such jurisdiction, the Division was likewise without power to do so. Cf. Borough of Oradell v. State Board of Tax Appeals, 125 N.J.L. 37, 40 (E. & A. 1940); Borough of North Arlington v. Riverview Gardens, 25 N.J. Misc. 466, 55 A.2d 303 (Div. of Tax App. 1947).
While N.J.S.A. 54:2-35, authorizing an appeal from any "action or determination" of the county tax board, provides that the Division may "give such judgment therein as it may think proper," reason and logic lead us to conclude that it was never intended to afford relief beyond that which the county tax board could have granted in the first instance. When the remedies made available for relief from excessive or inadequate assessments are considered together it is clear that the Legislature intended that changes in the amount of the assessment levied were not to be made after the tax list had been reviewed, approved and returned by the county tax board, in the absence of an appeal or equivalent procedure, based upon timely notice to the party whose property was to be affected by the change. In the absence of an appeal to the board, for an increase, where a taxing district appeals to the Division from a judgment of the board granting a reduction at the appeal of the taxpayer, its remedy is circumscribed by the amount of the original assessment from which it failed to appeal. Our examination of Matawan's petition of appeal to the Division satisfies us that all it was seeking here was restoration of Ravine's original assessment.
It follows that, while the Division's finding of true value would generally have supported the judgment appealed from, it could grant relief for the year in question as to *120 Ravine only to the extent of the original assessment, land $60,000, improvements $484,000, total $544,000.
The judgment of the Division is accordingly affirmed as to Tree Haven Apartments, Inc. and, as to Ravine Apartments, Inc., modified to reduce the assessment to: land $60,000, improvements $484,000, total $544,000, and, as modified, remanded for further proceedings consistent with this opinion.