O'CONNELL W. CANTRELL AND ELVA CANTRELL, PLAINTIFFS, v. UPPER PITTSGROVE TOWNSHIP, DEFENDANT.

Tax Court of New Jersey

September 25, 1980.

*O'Connell W. Cantrell* and *Elva Cantrell* pro se.

*William C. Horner* for defendant.

LARIO, J. T. C.

The above—entitled consolidated appeals were tried by this court on February 5, 1980. At the conclusion of plaintiffs' proofs, defendant's motion for summary judgment was granted on the basis plaintiffs had failed to present sufficient evidence to overcome the presumption of correctness that attached to the judgments of the Salem County Board of Taxation.

Subsequently, plaintiffs appearing *pro se,* forwarded a letter to the court requesting a "judicial review of the case" which the court accepted as a motion for a new trial. In order to properly rule on the present motion, a review of the evidence presented at the trial is necessary.

Plaintiffs originally filed appeals with the Salem County Board of Taxation for the tax year 1977 from original assessments of:

|  |  |
|---|---|
| Block 20, Lot 60: | $66,000; and, |
| Block 20, Lot 61: | $47,100. |

The County Board entered judgments reducing the assessments to $59,300. and $43,600. respectively.

Plaintiffs filed appeals from said judgments seeking further reductions. Plaintiffs' petitions request that the "assessments be reduced to the true value thereof" and the petitions have attached thereto statements which could be inferred to plead a cause of action of discrimination. Since they were appearing *pro se,* they were advised by the court of the type of evidence required to sustain their petitions and they were given an opportunity to have the matter adjourned to secure legal representation or to secure the proper type of evidence in accordance

with the court's admonition. Plaintiffs elected to proceed to trial. Throughout plaintiffs' presentation they were reminded of the type of evidence required to establish their burden of proof; however, said proofs were not introduced.

"The statutory standard for assessment is 'full and fair value' of the property 'at such price' as in the judgment of the assessor 'it would sell for at a fair and bona fide sale by private contract' *R.S.* 54:4–23" *Riverview Gardens v. Borough of North Arlington,* 9 *N.J.* 167, 87 *A.2d* 425 (1952).

"On appeal from the determination of the County Board of Taxation, the hearing before the Division of Tax Appeals[1] is a de novo one in which the ultimate fact sought to be determined is the full and fair value of the property." *Rek Investment Co. v. Newark,* 80 *N.J.Super.* 552 (App.Div.1963).

Plaintiffs briefly described their properties under appeal as a restaurant building which was presently vacant and in poor condition, a trailer park, a small motel with a cinder block pool (that leaked) and a cabana. At no time during the trial did plaintiffs present any evidence from which this court could ascertain the true market value of the aforesaid properties.

The municipality had put into effect for the tax year under appeal a district–wide revaluation program. Basically, plaintiffs' proofs at the trial consisted of a superficial description of their improvements and the total assessment figures and complaints against actions of various municipal officials. Plaintiffs' main complaint appears to be that the assessments for the subject properties were raised above their pre–revaluation assessments at a higher percentage than some other ratables in the township, therefore, their assessments were discriminatory.

The evidence required to entitle a taxpayer to relief from discrimination was set forth as follows in *Continental Paper Co. v. Vil. of Ridgefield Pk.,* 122 *N.J.Super.* 446, 450, 300 *A.2d* 850 (1973):

---

[1] Now Tax Court, *N.J.S.A.* 2A:3A–1 et seq.

In order to make out a case of actionable discrimination, these elements must be proved: (1) that the real property generally in the municipality was assessed at less than true value; (2) what the common assessment level *was*; and, (3) the true value of the subject property upon which the common level percentage would operate. *Reading Co. v. Woodbridge Tp.*, 45 *N.J.* 407, 426, 212 *A.2d* 649 (1965).

Plaintiffs attempted to establish their claim for relief by testifying to the total assessments in the municipality for the pre–revaluation year and the total assessments for the revaluation year. They then compared the increased percentage thereof with the subject properties' increased percentage for the same two years. Plaintiffs claim that by increasing their assessments at a greater percentage than the township's total percentage increase, the assessor treated them unfairly. Plaintiffs further claimed that farmland in the community was assessed at a lower percentage than their property.

The fallacy of plaintiffs' position is they presume that prior to the revaluation all ratables in the township were assessed equally, therefore, all assessments should be increased equally. No proofs to support this assumption were introduced in evidence, however, it is obvious if their theory were correct, the township would not have required a district–wide revaluation.

In order for a taxpayer to receive relief based upon an allegation of discrimination, he must prove not only that real property generally within the municipality was being assessed at less than true value, but also that the assessment on his property when compared to its true value is at a substantially higher percentage than the common level percentage to the true value of all real property within the municipality. *New Brunswick v. State of New Jersey Division of Tax Appeals*, 39 *N.J.* 537, 543–544, 189 *A.2d* 702 (1963), *Continental Paper Co., supra.* The comparison cannot be to any particular class of property but must be compared to the common level of the aggregate of all real property. *Siegal v. Newark*, 38 *N.J.* 57, 183 *A.2d* 21 (1962).

To mathematically ascertain the percentage to true value that the subject properties were assessed the taxpayers were required to first establish the true market value of their proper-

ties to which would then be compared the actual assessment. Without proof of true value such a percentage cannot be determined.

In addition, since all property within the municipality was revalued for the tax year under appeal, there is a presumption that all property was uniformly assessed at true value. *Tri–Terminal Corp. v. Edgewater*, 68 *N.J.* 405, 346 *A.2d* 396 (1975). No competent evidence was produced to overcome this presumption. Plaintiffs failed to establish that real property generally was assessed at a common level less than 100% or that the municipality was not assessing all its real property at the same standard of value.

Given the benefit of all inferences, plaintiffs' evidence as to both true market value and discrimination was insufficient in quantity and quality to overcome the presumption of correctness of the judgments of the Salem County Board of Taxation, therefore, at the close of plaintiffs' case, defendant's motion for judgment was granted. *Aetna Life Insurance Co. v. City of Newark*, 10 *N.J.* 99, 89 *A.2d* 385 (1952), *Glenwood Realty Co. v. East Orange*, 78 *N.J.Super.* 67, 70–71, 187 *A.2d* 602 (App.Div. 1963).

Plaintiffs have not alleged any specific judicial error nor have they specified the legal basis for their request for review, however, *R.* 4:49–1 provides that a motion for a new trial may be granted if "it clearly and convincingly appears that there was a miscarriage of justice under the law."

In support of their motion for review, plaintiffs reiterated their previous allegations of discrimination and their grievances against the officials of the township. In addition they presented copies of various correspondence and published news articles which were not part of the original record, therefore, improper. However, even had these items been introduced at the trial, they all are either inadmissable as evidence or do not contain any legal support for plaintiffs' claim for relief. None of the writings contain any facts which could lead to a finding of true value of the properties under appeal or that the assessments were discriminatory.

■ Plaintiffs have failed to present any factual or legal basis upon which their motion for a new trial may be granted; therefore, the motion is denied.