187 N.J. Super. 18 (1982)
453 A.2d 553
RUTH RABSTEIN, PLAINTIFF-RESPONDENT,
v.
TOWNSHIP OF PRINCETON, DEFENDANT-APPELLANT. MICHAEL BONGIOVANNI, PLAINTIFF-RESPONDENT,
v.
TOWNSHIP OF PRINCETON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 15, 1982.
Decided July 27, 1982.
*19 Before Judges MATTHEWS, PRESSLER and PETRELLA.
Neal S. Solomon argued the cause for respondents (Pellettieri, Rabstein & Altman, attorneys).
Stickel & Koenig, attorneys for amicus curiae New Jersey Institute of Municipal Attorneys (Fred G. Stickel, III and Frank Scangarella, of counsel and on the brief).
*20 George W. Fisher argued the cause for appellant (Mason, Griffin & Pierson, attorneys).
The opinion of the court was delivered by MATTHEWS, P.J.A.D.
These consolidated interlocutory appeals question the continued viability of this court's decision in Matawan v. Tree Haven Apartments, Inc., 108 N.J. Super. 111 (App.Div. 1969).
The facts are not in dispute. Plaintiff Rabstein is the owner of residential property located at 243 Mercer Road in the Township of Princeton; for the tax year 1981, that property was assessed by the township at $156,000.
Plaintiff Bongiovanni is the owner of residential property located at 124 Edgerstoune Road in the Township of Princeton; that property was assessed by the township for the tax year 1981 at $344,000.
Both plaintiffs appealed their respective assessments to the Mercer County Board of Taxation. The township did not cross-appeal in either case. Both assessments were subsequently affirmed by the county board.
On December 4, 1981 each plaintiff filed complaints with the Tax Court, each alleging that the respective assessments were in excess of the true value of the property and hence should be reduced. In each case the township filed a counterclaim asserting that the assessments were in fact below true value and thus should be increased.
On March 19, 1982 both plaintiffs moved to dismiss the township's counterclaims. Finding himself bound by this court's opinion in Matawan, Judge Conley held that the failure of the township to have appealed the original assessment to the county board precluded the Tax Court from setting the true value of the property at a figure higher than that set in the original assessment. Consequently, orders dismissing each counterclaim were entered on April 6, 1982.
*21 We granted leave to appeal in both cases and directed that they be consolidated and accelerated.
In reviewing property tax assessments rendered by a county board of taxation, the Tax Court is authorized by N.J.S.A. 54:2-35 to "give such judgment therein as it may think proper...." Despite this seemingly broad directive, in Matawan v. Tree Haven Apartments, Inc., this court held that the Division of Tax Appeals[1] was not thereby authorized to increase an assessment above the original assessment where the taxing district had failed to raise the issue before the county board.
In Matawan the taxpayer had appealed its property tax assessment to the county board. No cross-appeal was taken by the taxing district and the county board subsequently reduced the assessment. The taxing district then appealed to the Division of Tax Appeals, which increased the assessment above the original assessment. On appeal this court held that in the absence of a cross-appeal below, the Division was limited to the restoration of the original assessment. 108 N.J. Super. at 117.
The rationale in Matawan was two-fold: First, in the absence of a cross-appeal below, the taxpayer was without notice that his assessment was being challenged as too low. Thus, "a taxpayer would never know when he would be required to retain counsel and submit expert testimony in defense of his assessment." 108 N.J. Super. at 118.
Second, by failing to challenge the assessment before the county board, the taxing district had "waived its right to appeal [and] was not entitled to a second bite of the apple on its appeal from the reduction granted by the board." 108 N.J. Super. at 119.
*22 The township on this appeal contends that the decision in Matawan was erroneous when decided and should be repudiated by this court.[2]
It is beyond cavil that on appeal to the Tax Court from a property assessment a de novo hearing is held "in which the ultimate fact sought to be determined is the full and fair value of the property." Rek Investment Co. v. Newark, 80 N.J. Super. 552, 557 (App.Div. 1963). Also see Hackensack v. Rubinstein, 37 N.J. 39, 52 (1962); Frater Corp. v. Tax Appeals Div., 80 N.J. Super. 427, 430 (App.Div. 1963); Passaic v. Gera Mills, 55 N.J. Super. 73, 84 (App.Div. 1959), certif. den. 30 N.J. 153 (1959); N.J.S.A. 54:4-23. In Hackensack v. Rubinstein, the city's appeal to the Division from reductions in a taxpayer's assessment had been dismissed on procedural grounds. On direct certification, however, the Supreme Court reinstated the appeals. Although the taxpayers were by then out of time to cross-appeal to reduce their assessments even further, the court explained:
But this fact does not preclude presentation or consideration of their assertions at the Division hearing. Once the Division obtains jurisdiction, "[r]eview of assessed valuation, by a hearing de novo, is ... [its] principal function ... in individual tax appeals. On such review the true value of the subject property is the ultimate factual finding." [citations omitted] Therefore, the taxpayers may introduce evidence that the assessments even as reduced by the County Board were too high. [37 N.J. at 52]
*23 Similarly, in Rek Investment Co. v. Newark, the taxpayer sought a reduction in its property tax assessment from both the county board and the Division of Tax Appeals. The board reduced the assessment, the Division increased it (however not to a level greater than originally assessed). In neither proceeding had the city cross-appealed. This court rejected the taxpayer's contention that the Division was "without jurisdiction to increase the assessment in the absence of a cross-appeal seeking such relief," 80 N.J. Super. at 555, explaining:
The duty thus cast upon the Division [to determine true value] cannot be circumscribed by the manner in which the appellant elects to word its petition of appeal. Upon the filing of a real property appeal, the amount of the assessment, whether based upon true value or the common level, is placed in issue. The prior action of the county board, while entitled to a presumption of correctness, North Bergen Twp., Hudson County v. Dieckmann's Estate, 37 N.J. Super. 221 (App. Div. 1955), does not attain the status of a "floor" or "ceiling" beyond which the assessment cannot be fixed. Once the presumption is overcome the Division must appraise the conflicting testimony and make a determination. Id., at p. 223. It would be inconceivable that having determined true value it would find its hands tied because the appellant asked for a reduction to true value, whereas, to achieve that desirable result, an increase was necessary. [80 N.J. Super. at 557-558]
This court in Matawan distinguished Hackensack and Rek Investment on the facts, noting that in neither case had the court been "called upon to determine whether the increase granted could extend beyond the amount fixed as the original assessment." 108 N.J. Super. at 117. We believe the reasoning in those cases to be broader than their facts and upon closer study to undermine the rationale in Matawan.
The primary concern in Matawan was the lack of notice to the taxpayer that his assessment might be found to be too low. The fear was that, as a result, he might not adequately defend his assessment. The taxpayer, however, is clearly on notice that the true value of his property is in dispute. In fact, in bringing his action in the first instance, the taxpayer is alleging that his assessment is in excess of true value. We find no reason to assume that the taxpayer would not present his strongest case.
The notice rationale of the Matawan case is further undermined by the advent of the Tax Court. Pursuant to its discovery *24 rules, "[w]here the valuation of property is an issue: A party intending to rely upon the testimony of any person testifying as a valuation expert shall furnish each opposing party with a copy of the written appraisal report...." R. 8:6-1(b). The rules of discovery of the Superior Court also apply with equal force to the Tax Court. R. 8:6-1(a). Thus clearly, by the discovery stage, the taxpayer has full notice that the taxing district believes the assessment is too low.
Finally, there is no sound reason to give a taxpayer the benefit of an erroneous valuation simply because, for whatever reason, the taxing district has failed to cross-appeal. Indeed, our Constitution forbids "preferential treatment in real property taxation...."[3]Princeton Tp. v. Bardin, 147 N.J. Super. 557, 566 (App.Div. 1977), certif. den. 74 N.J. 281 (1977). "[T]rue value is still ... the foundation for property assessments in New Jersey." Passaic v. Gera Mills, 55 N.J. Super. at 82. N.J.S.A. 54:4-23. We conclude that in arriving at a determination of true value, the Tax Court is authorized by N.J.S.A. 54:2-35 to assess the property at that value, even if it exceeds the original assessment, regardless of whether the taxing district has appealed that assessment.
Thus we disagree with Judge Conley's conclusion that the counterclaim asserted by the township must be dismissed because the holding of this court in Matawan v. Tree Haven Apartments, Inc. precluded the Tax Court from setting the true value of the properties in question at figures higher than those set in the original assessments. We agree, however, with his determination that the counterclaims should be dismissed since the Township failed to pursue timely claims for affirmative relief before the Mercer County Board of Taxation. See N.J.S.A. 54:3-21. Cf. Pleasantville Taxpayers v. Pleasantville, 115 *25 N.J. Super. 85, 89 (App.Div. 1971) (claims of inequity in property tax assessments properly directed to county boards of taxation which are authorized by statute to review such complaints).
Affirmed.
NOTES
[1] The functions of the Division of Tax Appeals were, by the 1979 amendment of N.J.S.A. 54:2-33, transferred to the Tax Court, created by N.J.S.A. 2A:3A-1 et seq., L. 1978, c. 33. See Springfield Tp. v. Weinberg, 178 N.J. Super. 83, 86 n. 1 (App.Div. 1981).
[2] The viability of Matawan is claimed to be in some doubt because of Fort Lee v. Hudson Terrace Ap'ts, 175 N.J. Super. 221 (App.Div. 1980), certif. den. 85 N.J. 459 (1980). There this court, without mentioning Matawan, reversed a finding of discrimination and ordered the entry of an assessment above that originally entered. The taxpayer's motion for a rehearing on the basis of Matawan was summarily denied, with the following comment:

SUPPLEMENTAL: The petition for rehearing is denied. See N.J. Constitution (1947), Art. VII, § I, par. 1; N.J.S.A. 54:4-23; Samuel Hird & Sons, Inc. v. Garfield, 87 N.J. Super. 65, 75 (App.Div. 1965); Hackensack v. Rubinstein, 37 N.J. 39, 52, 178 A.2d 625 (1962); Rek Investment Co. v. Newark, 80 N.J. Super. 552, 557-558 (App.Div. 1963). [cited in Devonshire Develop. Assoc. v. Hackensack, 184 N.J. Super. 371, 376, 2 N.J. Tax 392, 397 (Tax Ct. 1981)]
However, unlike Matawan, and these cases, Fort Lee involved a claim of discrimination which makes it clearly distinguishable.
[3] In pertinent part, N.J.Const. (1947), Art. VIII, § I, par. 1, provides that "[p]roperty shall be assessed for taxation under general laws and by uniform rules."