PER CURIAM.
The Defendant-taxpayer appeals from a judgment of the Tax Court ordering the entry of an added municipal assessment for the tax year 1973 against certain land and improvements in Fort Lee referred to as The Colony apartment property. Judge *257 Hopkins, the judge of the Tax Court who heard the matter on a 1979 remand by this court, found the true value of the subject property “as of March 1, 1973 when it was substantially completed, [to be] $23,490,000.” The finding is supported by ample credible evidence in the record and was made in accord with well established principles of real property valuation. We discern no sound reason or justification for disturbing it. Accordingly, we affirm that finding of true value substantially for the reasons expressed by Judge Hopkins in his opinion for the Tax Court of September 11, 1981, reported at 3 N.J.Tax 332 (Tax Ct.1981). Having found the true value of the property as of March 1,1973, the judge then proceeded to apply “the formula for computing the added assessment” specified in N.J.S.A. 54:4-63.3. He properly found that “[a] true value of $23,490,000, as of March 1, 1973, would [, by the application of the formula,] result in an added assessment of $5,234,333.” Instead of directing the entry of an added assessment for the tax year 1973 in that amount, he reasoned, mistakenly relying upon Matawan v. Tree Haven Apartments, Inc., 108 N.J.Super. 111, 260 A.2d 235 (App.Div. 1969), that “[a]s this figure exceeds the original added assessment of $4,079,167, there can be no increase because the taxing district did not appeal said assessment to the county board [of taxation].” He accordingly directed the entry of “a judgment showing an added assessment as of March 1,1973, in the amount of $4,079,167.” We reverse that determination.
Here, having properly found the true value of the property as of March 1, 1973, the sole remaining function of the Tax Court in the matter (the issue of discrimination relief having been removed from the case by this court’s 1979 remand) was to determine, and direct the entry of a judgment fixing, the amount of the added assessment for the tax year 1973 pursuant to the formula prescribed therefor by the applicable statute, viz., N.J.S.A. 54:4-63.3. It was thus error for the court to reduce the full added assessment figure so determined. See Rabstein v. Princeton Tp., 187 N.J.Super. 18, 24, 453 A.2d 553 (App.Div. 1982). See also, Fort Lee v. Hudson Terrace Apartments, 175 N.J.Super. 221, 417 A.2d 1124 (App.Div.1980), certif. den. 85 N.J. *258 459, 427 A.2d 559 (1980); N.J.Const. (1947), Art. VIII, § I, par. 1; N.J.S.A. 54:4t-23; Hackensack v. Rubenstein, 37 N.J. 39, 52, 178 A.2d 625 (1962); Samuel Hird & Sons, Inc. v. Garfield, 87 N.J.Super. 65, 75, 208 A.2d 153 (App.Div.1965); Rek Investment Co. v. City of Newark, 80 N.J.Super. 552, 557, 194 A.2d 368 (App.Div.1963).
The matter of the added assessment for the tax year 1973, is, accordingly, remanded to the Tax Court with direction to enter an amended judgment fixing such added assessment on the subject property at $5,234,333. We do not retain jurisdiction.