LASSER, P.J.T.C.
Following trial in the above matter the court, in a bench opinion, decided that the value of the subject property for the years 1991, 1992 and 1993 was $3,639,400. The property, a medical office building, was assessed originally at $3,473,100 for 1991 and $3,013,200 for 1992 and 1993. Counsel were given an opportunity *464 after trial to address the issue of whether the assessments may be increased for each of the three years in issue.

1.

Taxpayer contested the 1991 assessment before the Sussex County Board of Taxation, which resulted in a judgment reducing the 1991 assessment from $3,473,100 to $3,013,200. Newton filed a timely complaint with the Tax Court on December 12, 1991 contesting this reduction in assessment, and taxpayer filed a timely complaint on December 16, 1991 seeking a further reduction below the county board judgment.
The county board of taxation administratively directed that the tax records for the years 1992 and 1993 show the assessment at the $3,013,200 reduced figure and the tax bills so indicate.
Newton filed timely complaints directly with the Tax Court contesting the 1992 and 1993 assessments of $3,013,200. Taxpayer did not file petitions with the county board of taxation, or complaints with the Tax Court seeking further reduction in the 1992 and 1993 assessments.
A municipal revaluation was adopted by Newton for the year 1991. No revaluation or reassessment programs were implemented for 1992 or 1993.
N.J.S.A 54:51A-6 (chapter 123) authorizes the Tax Court to increase an assessment, if the assessed valuation of the subject property falls below the lower limit of the common level range, by applying the average ratio to the true value of the property. This requirement is not applicable to any proceeding to review an assessment of real property with respect to the tax year in which the taxing district has completed, and put into operation, a district-wide revaluation program approved by the Director of the Division of Taxation or a reassessment program approved by the county board of taxation. N.J.SA 54:51A-6(d).
Taxpayer contends that based on Newton’s pleadings, the court may not increasé the assessment to a figure higher than the original assessment. Taxpayer argues that it was not aware that *465 Newton was seeking to increase the assessments above the original 1991 assessment until it received Newton’s expert’s appraisal in early June 1993 for the July 26, 1993 trial. The original 1991 assessment, it contends, was established by the independent firm that performed the revaluation as agent for the town. Taxpayer argues that, in fairness, Newton should be precluded from seeking to further increase its own revaluation assessment. Taxpayer states that the revaluation figure was the “current assessable value” of the property and it is the current assessable value that is sought by Newton in its complaint to the Tax Court.
Newton contends, as to the revaluation year 1991, that the court may increase the assessment above the original assessment. Newton relies on F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 431, 495 A.2d 1313 (1985), contending that F.M.C. Stores Co. modified both Matawan Boro. v. Tree Haven Apartments, Inc., 108 N.J.Super. 111, 260 A.2d 235 (App.Div.1969), which held that in the absence of a timely appeal by the taxing district to the county tax board, the taxing district’s remedy on appeal from the county tax board judgment is limited to a restoration of the original assessment, and § 6(d) of N.J.S.A. 54:51A which excepts revaluations from the requirement that the court increase the assessment based on its true value.
As to the years 1992 and 1993, Newton argues that the court is required by N.J.S.A 54:51A-6 to increase the assessment.

II.

Newton did not initially contest the 1991 assessment at the county tax board or directly to the Tax Court. Newton’s first appeal was a complaint in the Tax Court contesting the county tax board judgment which reduced the 1991 assessment in response to taxpayer’s petition seeking a reduction. Taxing district’s contention that F.M.C. Stores Co. has modified Matawan Boro. v. Tree Haven Apartments, Inc. is inapposite. N.J.S.A. 54:51A-6 modified the rule of Matawan, supra, and this modification is confirmed by F.M.C. Stores Co. Referring to a revaluation year assessment, the Supreme Court in F.M.C. Stores Co. stated:
*466 We hold therefore that absent a proper claim for relief by the taxing district [1], the Tax Court may not on an appeal by the taxpayer increase an original tax assessment. However, if it appears from the evidence that is otherwise properly adduced on the appeal that the quantum, of the assessment itself is so far removed from true value and that the original assessment methodology is patently arbitrary or capricious, the Tax Court may then properly determine true value in light of the evidence before it. [100 N.J. at 431, 495 A.2d 1313 (footnote added).]
F.M.C. Stores Co. bars an increase in the assessment in a revaluation year absent an appeal to increase the assessment by the taxing district to the county board of taxation. The original 1991 assessment in this case does not meet the standard fixed by the Court in F.M.C. Stores Co. to permit an increase in excess of the original 1991 assessment. The 1991 assessment on the subject is not so far from true value to be patently arbitrary and capricious. I conclude that this court may not increase the 1991 assessment in excess of the original 1991 assessment of $3,473,100.
With respect to the years 1992 and 1993, Newton did initially contest the original assessment of $3,013,200 at the county board of taxation. For these years the § 6(d) prohibition against an increase in a revaluation year does not apply. The taxing district’s prayer for relief that the assessment be increased to the “current assessable value and such other relief as may be appropriate” does not limit the relief to the original 1991 assessment. Although trial information statements for the 1991 and 1992 cases, submitted by the taxing district in March 1993, stated the value to be $3,473,100, appraisal reports submitted thereafter and prior to trial valued the property at $4,300,000, and the trial proceeded without objection for all three years with testimony based on these reports. The court, having determined the value of the property to be $3,639,400, is obliged to increase the 1992 and 1993 assessments in accordance with this value.
The relevant ratios for the Town of Newton for the 1992 and 1993 tax years are as follows:
*467 Year Average Ratio Lower Limit
1992 106.04 90.13
1993 105.85 89.97
Since the ratio of assessment to true value was 82.79% and was thus below the lower limit of the common level range, the 1992 and 1993 assessments of $3,013,200 must be increased to $3,639,400. See Gabrellian & Jessourian v. Oakland, 11 N.J.Tax 310, 317-19 (Tax 1990) and Abe Schrader Corp. v. Secaucus, 8 N.J.Tax 390 (Tax 1986). Judgment -will be issued restoring the original 1991 assessment to $3,473,100 and increasing the 1992 and 1993 assessments to $3,639,400.

 "Proper claim” referred to an appeal at the first review level, here, a petition to the county board of taxation.