BOULEVARD GARDENS, INC./SMZ CORP., PLAINTIFF-APPEL-LANT, v. CITY OF BAYONNE, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued September 30, 1987—Decided October 21, 1987.

Before Judges FURMAN, BRODY and SCALERA.

*Steven R. Irwin* argued the cause for appellant (*Mandelbaum & Mandelbaum,* attorneys, *Daniel D. Cronheim,* of counsel).

*Leo Rosenblum* argued the cause for respondent (*Rosenblum & Rosenblum,* attorneys).

The opinion of the court was delivered by

FURMAN, P.J.A.D.

Plaintiff taxpayer appeals from a Tax Court judgment entered on direct review pursuant to *N.J.S.A.* 54:3–21. That judgment affirmed an assessment of $1,050,000 on the taxpay-

er's garden apartment complex for the tax year 1984. The Tax Court opinion is published at 8 *N.J.Tax* 382 (1986).

On appeal before us, the taxpayer raises two issues: that the Tax Court established economic rent at an excessively high level; and that the Tax Court improperly denied discriminatory relief, because actual taxes and not the effective tax rate should have been used when testing for discriminatory assessments. We agree with the taxpayer's argument on the first issue and disagree with its argument on the second issue. We reverse and remand for further proceedings not inconsistent herewith.

The thrust of the taxpayer's first argument is that economic rent should not have been calculated by adding a two and a half percent inflationary factor to the actual rent. Actual rental income annualized from the rent rolls on the assessment date, October 1, 1983, was approximately $790,000. The Tax Court judge determined economic rent as two and a half percent more or approximately $810,000; he accepted the municipality's expert's opinion that a putative purchaser of the taxpayer's property would pay an enhanced purchase price on the strength of the automatic rent increase provision of the municipality's rent control ordinance. Under the ordinance, taxpayer landlords were entitled to rent increases in accordance with the percentage rise in the Consumer Price Index (CPI) but not exceeding five and a half percent.

The municipality's expert, "[l]ooking at the CPI over a period of time," considered that two and a half percent was a "safe" projection of the CPI rise to be reasonably anticipated. Increased costs attributable to inflation predominate in CPI rises, *see Troy Hills Village v. Parsippany-Troy Hills Tp. Council,* 68 *N.J.* 604, 631, fn. 11 (1975). But the municipality's expert's approach was unbalanced; he took no account of inflation in his estimates of expenses of operation of the taxpayer's garden apartment complex, except to note that electrical costs, in common areas apart from rental units, a minor item, were

rising and to incorporate "a very minor" increase in wages and payroll. He also noted a downward trend in fuel oil prices. Otherwise he "stabilized" expenses based on operating statements.

Decisional law support, chiefly dicta, for the enhancement of actual rent by two and a half percent is in *Fort Lee v. Invesco Holding Corp.*, 3 *N.J.Tax* 332, 342 (1981), aff'd as to true value, 6 *N.J.Tax* 255 (App.Div.1983), certif. den. 94 *N.J.* 606 (1983); *Berenson v. East Orange*, 6 *N.J.Tax* 12, 19 (1983), aff'd o.b. 6 *N.J.Tax* 493 (App.Div.1984); *Inwood at Great Notch v. Little Falls Tp.*, 6 *N.J.Tax* 316, 332–333 (1984); and *Parsippany Hills Assoc. v. Parsippany-Troy Hills*, 1 *N.J.Tax* 120, 122–123 (1980). As stated in *Parsippany Hills*, "a prospective purchaser's primary concern is with the anticipated return on his investment." The result in the foregoing cases except *Berenson* was a denial of any adjustment to actual rent based upon future earnings, generally because such a projection was not "reasonably foreseeable" on the assessing date. *See also New Brunswick v. State of N.J. Div. of Tax Appeals*, 39 *N.J.* 537, 545 (1963).

Among the cases relied upon by the municipality, only *Berenson* upheld a premium added to actual rent in the calculation of economic rent. Local rent control had been preempted by the United States Department of Housing and Urban Development (HUD). As of the assessing date, substantial rent increases had been imposed for some apartments and were projected for the balance of the apartments upon the expiration of one-year leases. In postulating economic rent equal to the HUD preemption level, the Tax Court judge stated:

> Notwithstanding plaintiff's vigorous denial of its ability to achieve the HUD preemption level, plaintiff's project manager declared unequivocally, in a letter to HUD–Newark, his intention to increase the apartment rents to the prescribed level in two annual increments. This state of facts, and not merely the actual rents in effect on October 1, 1980, would be of paramount importance to the putative purchaser, who could reasonably expect an early, full implementation of the HUD preemption level by reason of the fact that all the leases were only one year in duration. The buyer is primarily concerned with the anticipated

return on his investment. *Parsippany Hills Assoc. v. Parsippany-Troy Hills,* 1 *N.J.Tax* 120 (Tax Ct.1980). His expectation of future benefits is most assuredly not confined to the rents currently charged. [6 *N.J.Tax* at 19].

*Berenson* is distinguishable. There a future windfall in increased rents from the taxpayer's property was reasonably sure, enhancing fair market value, not as here rent increases geared only to the inflationary spiral. To sustain the result below would run counter to the recent Supreme Court opinion in *Parkway Village Apartments Co. v. Cranford Tp.,* 108 *N.J.* 266 (1987), which reversed a Tax Court ruling that determination of fair market value in the assessment of a rental property should be based upon "present potential" rent rather than actual rent, that is, by assigning as economic rent for each apartment the highest rent charged in the complex for an apartment "of that category." The Supreme Court restated the presumption that actual rent of a well-managed apartment complex is equivalent to economic rent absent convincing evidence to the contrary, with the burden upon the municipality to overcome the presumption. Recognizing that if potential rent is to be considered so should potential expenses, *Parkway Village* disapproved that approach:

> The compounded speculation inherent in that approach portends untrustworthy calculations and substantial problems of proof for both the taxpayer and the municipality, resulting in increased costs in terms of time and money for both.
>
> Furthermore, consideration of "potential rent" and potential "expense" goes against the well established principle stated in *City of New Brunswick v. New Jersey Div. of Tax Appeals,* 39 *N.J.* 537 at 541 (1963), that "as a practical matter there must be a large measure of stability in the assessment of property." [108 *N.J.* at 275].

The taxpayer's second argument on appeal is that true value of a rental property should be established by subtracting actual taxes among other expenses from adjusted rental income and by capitalizing net income without including the effective tax rate as a component of the capitalization rate. That argument is advanced notwithstanding the taxpayer's own expert's agreement that the effective tax rate should be used as a component of the capitalization rate.

We reject the novel approach urged by the taxpayer, which in this case would result in a discriminatory assessment more than 15 percent in excess of the average ratio, as defined in *N.J.S.A.* 54:51A–6(b) and 54:1–35a, even if actual rent is enhanced by a two and a half percent premium in the calculation of economic rent. We rely upon *New Brunswick v. State of N.J. Div. of Tax Appeals, supra,* where at 39 *N.J.* 546 and 547 Chief Justice Weintraub stated:

> An actual investor who accepts the existing tax treatment may for his own purposes capitalize income after taxes. But when the issue is the valuation of the property *for taxation*, the amount of the taxes, depending as they do upon the very answer which is sought, cannot be accorded a role in reaching it. The greater the tax load, the more egregious is that error,....

> The capitalization rate, including a factor for taxes, must be applied to net income before taxes.

*See also Inwood, supra,* 6 *N.J.Tax* at 334–335.

We reverse and remand for further proceedings not inconsistent herewith. We do not retain jurisdiction.